SIMMIE MOORE, as an Individual and as Guardian ad Litem of JOE MOORE, JANICE MOORE, SAMMIE MOORE, VANESSA MOORE, KENNY MOORE, DARROW MOORE and JAMES MOORE, Appellants, v. CITY OF LAS VEGAS, Respondent.

No. 8260

June 25, 1976      551 P.2d 244

*Charles L. Kellar,* of Las Vegas, for Appellants.

*Cromer, Barker & Michaelson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Two issues are presented for our consideration on this appeal from an order granting summary judgment dismissing a wrongful death action against the City of Las Vegas: (1) whether a district court judge is empowered to rehear a motion once denied by a judge who no longer holds office, and (2) whether summary judgment was appropriate as a matter of law.

Maude Jackson Moore, survived by a husband and seven children, was killed by an automobile at the intersection of Miller and La Salle Streets in Las Vegas on the evening of January 1, 1972. At the time of the accident, she was kneeling in the middle of the unlighted intersection tending to her injured dog which had just been struck by a passing motorist.

The City first moved for summary judgment a short time after the suit was commenced in 1972. That motion and a subsequent motion for rehearing were denied. In March 1975, a second motion for rehearing was filed which cited authorities that previously had been overlooked by the City. During the period between the filings of the first and second motions for rehearing, the judge to whom the case originally was assigned lost his bid for re-election. As a result, the case was assigned to another judge. The second motion for rehearing was granted and summary judgment followed.

District Court Rule 27 provides:

"When an application or petition for any writ or order shall have been made to a district judge and is pending or has been denied by such judge, the same application or motion shall not again be made to the same or another district judge, except upon the consent in writing of the judge to whom the application or motion was first made."

District Court Rule 27 is intended to prevent "judge shopping" once a motion is granted or denied. Its purpose is to preclude litigants from attempting to have an unfavorable determination by one district judge overruled by another. A deceased judge or a judge no longer in office is not available to give written consent for another district judge to hear

motions once granted or denied by him. The animus of the rule is not offended where, as here, the case becomes assigned to another judge by reason of some fortuitous event such as death or the elective process and not by reason of any action initiated by or within the control of the parties. Thus, the question whether to grant the second motion for rehearing was within the sound discretion of the district court. Cf. Estabrook v. J. C. Penney Co., 464 P.2d 325 (Ariz. 1970); Jiminez v. Sears Roebuck & Co., 482 P.2d 681 (Cal. 1971); Annau v. Schutte, 535 P.2d 1095 (Idaho 1975).

From the record we note that the first judge to whom the case was assigned denied the original motion for summary judgment and the first motion for rehearing for the reason that he perceived certain triable issues of fact. The only feature which distinguishes the second motion for rehearing from the two previous motions is the citation of additional authorities for a proposition of law already set forth and adequately supported by reference to relevant authorities in the earlier motions. We note particularly that the second motion for rehearing raised no new issues of law and made reference to no new or additional facts. Under such circumstances the motion was superfluous and, in our view, it was an abuse of discretion for the district court to entertain it. Only in very rare instances in which new issues of fact or law are raised supporting a ruling contrary to the ruling already reached should a motion for rehearing be granted. This is not such a case.

We decline to address other purported issues raised on this appeal. Williams v. Zellhoefer, 89 Nev. 579, 517 P.2d 789 (1973); Solar, Inc. v. Electric Smith Constr., 88 Nev. 457, 499 P.2d 649 (1972).

Reversed and remanded for further proceedings.