ESTATE OF LOUIS S. NEAL, By and Through Its Executrix, GEORGIA DELGADO, and FLORETTA NEAL, JOSEPH NEAL and LORETTA NEAL, Minors, By and Through Their Guardians of the Person, VIRGINIA HALL and JOHNNIE BOYD SCOTT, Appellants and Cross–Respondents, *v.* FARMERS INSURANCE EXCHANGE, a Corporation, Respondent and Cross–Appellant.

No. 8614

June 30, 1977                    566 P.2d 81

*Rogers, Monsey & Woodbury,* and *Embry, Shaner & Lang,* Las Vegas, for Appellants and Cross-Respondents.

*Austin, Thorndal & Liles,* Las Vegas, for Respondent and Cross-Appellant.

## OPINION

By the Court, BATJER, C. J.:

On June 15, 1974, Louis Neal was fatally injured when the automobile he was driving was involved in a one car accident. His wife, Cornelius, was also killed, and their three minor children, Floretta, Loretta, and Joseph, suffered personal injuries. Respondent Farmers Insurance Exchange had issued an automobile liability insurance policy to Louis, as the named insured, which covered the automobile and was in effect at the time of the accident. This policy contained a household exclusion clause which provided: "This policy does not apply . . . (12) to the liability of any insured for bodily injury to (a) any member of the same household of such insured except a servant, or (b) the named insured; . . ." The policy further specified: "If the named insured . . . is an individual, the term 'named insured' includes his spouse if a resident of the same household." At the time of the accident, Cornelius and the children were members of Louis's household.

Farmers sought a declaratory judgment claiming the household exclusion clause precluded its liability for any amount

which Louis's estate might become obligated to pay the children due to their bodily injuries and the alleged wrongful death of their mother. Appellants answered and contended the exclusion was void because it violated Nevada's Motor Vehicle Insurance Act, NRS Ch. 698, and Motor Vehicle Safety Responsibility Act, NRS Ch. 485. After the parties filed cross-motions for summary judgment, the district court found:

> [T]hat the insurance policy . . . was issued by . . . Farmers Insurance Exchange to Louis S. Neal pursuant to . . . the Motor Vehicle Insurance Act, N.R.S. Chapter 698. That said policy was not certified nor required to be issued under the Nevada Motor Vehicle Safety Responsibility Act, N.R.S. Chapter 485. That said automobile insurance must contain minimum security for tort liabilities as defined and required by Chapter 698 notwithstanding any contrary provisions in said policy. That the minimum security for tort liabilities is defined in N.R.S. 698.320 and is $15,000 per person, $30,000 per accident. That a contract of insurance issued pursuant to Chapter 698 is only required to meet the requirements of said Chapter up to the liability limits of $15,000 per person, $30,000 per accident, and that the household exclusion clause is therefore valid for any amounts above the minimum liability.

Accordingly, the district court held Farmers would not be liable for any amount in excess of the $15,000/$30,000 statutory limits set forth in NRS Ch. 698. Appellants contend both NRS Ch. 485 and NRS Ch. 698 void the household exclusion to the full extent of policy coverage, not just the statutory minimum of NRS Ch. 698. Farmers cross-appeals contending the exclusion is not violative of NRS Ch. 698 and therefore it has no liability whatsoever. Since we conclude that NRS Ch. 485 has no applicability to the factual circumstances of this case and the household exclusion clause contravenes the mandates of NRS Ch. 698 only to the extent of the statutory limits set forth therein, the district court's judgment is affirmed.

1. Although appellants concede Louis Neal's insurance policy was neither issued pursuant to nor certified in accordance with Nevada's Motor Vehicle Safety Responsibility Act, NRS Ch. 485, as proof of his financial responsibility, they nevertheless contend the provisions of that Act are a part of every policy issued in this state. However, when a policy has not been issued as proof of financial responsibility to satisfy

the mandates of NRS Ch. 485, the provisions of that chapter have no applicability to such policy. Miller v. State Farm Mutual Automobile Ins. Co., 466 P.2d 336 (Kan. 1970); Lewis v. Mid-Century Insurance Company, 449 P.2d 679 (Mont. 1968); Havlik v. Bittner, 74 N.W.2d 798 (Wis. 1956); 12 Couch on Insurance 2d § 45:736 at 647–48 (1964). Indeed, we have previously noted the non-applicability of NRS Ch. 485 to policies not issued pursuant to its requirements. Universal Underwriters v. Snyder, 81 Nev. 315, 318–19 n. 3, 402 P.2d 483, 485 n. 3 (1965).

2.   Respondent's contention that Nevada's Motor Vehicle Insurance Act, NRS Ch. 698, does not render the household exclusion clause void is equally without merit. That Act requires an owner of a motor vehicle registered in the state to provide, by a contract of insurance or by qualifying as a self-insurer, security for the payment of tort liabilities arising from the maintenance or use of the motor vehicle. NRS 698.190. Pursuant to NRS 698.320, this requirement is satisfied by providing:

> 1.   Subject to subsection 2, liability coverage of not less than $15,000 for all damages arising out of bodily injury or death sustained by any one person as a result of any one accident applicable to each person sustaining injury caused by accident arising out of ownership, maintenance, use, loading or unloading of the secured vehicle;
> 2.   Liability coverage of not less than $30,000 in aggregate for all damages arising out of bodily injury or death sustained by two or more persons as a result of any one accident arising out of ownership, maintenance, use, loading or unloading of the secured vehicle;
> 3.   Liability coverage of not less than $5,000 for all damages arising out of injury to or destruction of property, including the loss of use thereof, as a result of any one accident arising out of ownership, maintenance, use, loading or unloading of the secured vehicle; . . .

The Act specifically prohibits an insurer from excluding this required minimum security for tort liability. NRS 698.200(3). Therefore, respondent's household exclusion clause, insofar as it attempts to eliminate the minimum security, contravenes the statutory mandates of NRS Ch. 698 and is void. State Farm Mut. Auto. Ins. v. Hinkel, 87 Nev. 478, 488 P.2d 1151 (1971).

3. On the ground that the household exclusion clause is void, appellants contend the amount of liability which Farmers might incur should be governed by the larger limits of coverage provided by Louis's policy and not the minimum coverage set forth in NRS Ch. 698. But for the statutory prohibitions of NRS Ch. 698, the household exclusion clause would be valid and preclude Farmers' liability. Lee v. State Farm Mutual Automobile Insurance Co., 507 P.2d 6 (Ore. 1973); McManus v. State Farm Mutual Automobile Ins. Co., 463 S.W.2d 702 (Tenn. 1971); 12 Couch on Insurance 2d § 44:502 at 61 (1964). NRS 698.200(2) specifically provides: "Notwithstanding any contrary provision in it, every contract of liability insurance for injury, wherever issued, covering ownership, maintenance or use of a motor vehicle, . . . includes . . . minimum security for tort liabilities required by this chapter, while it is in this state, . . ." In light of this provision and because the household exclusion would otherwise be valid, the insurance policy here need provide nothing more than the minimum security required by the Act, and, beyond this minimum security, the exclusionary clause is viable. Cf. Arceneaux v. State Farm Mutual Automobile Ins. Co., 550 P.2d 87 (Ariz. 1976); State Farm Mutual Auto. Ins. Co. v. Shelly, 231 N.W.2d 641 (Mich. 1975); Anno., 29 A.L.R.2d 817 (1953).

Affirmed.

MOWBRAY, THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.