# HARVEY'S WAGON WHEEL, INC., a Corporation, Appellant, v. IAN MacSWEEN, dba MacSWEEN CONSTRUCTION CO., et al., Respondents.

### No. 11486

February 28, 1980                                  606 P.2d 1095

*Wait, Shamberger, Georgeson, McQuaid & Thompson,* Reno; *Cooley, Godward, Castro, Huddleston & Tatum,* and *James A. Richman,* San Francisco, for Appellant.

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* Reno, for Respondent Ian MacSween Construction Co.

*Walther, Key, Maupin & Oats,* Reno; and *Matheny & Poidmore,* Sacramento, for Respondent Tom Johnson, Inc.

## OPINION

By the Court, BATJER, J.:

Harvey's Wagon Wheel, Inc. appeals from the district court's order granting partial summary judgment in favor of Ian MacSween, dba MacSween Construction Co., and Tom Johnson, Inc., and dismissing the portion of Harvey's claim that is a subrogation claim of Fireman's Fund Insurance Company. Harvey's contends that the trial judge erred by granting motions for reconsideration and leave to renew motion for partial summary judgment proposed by MacSween and Johnson. Harvey's also argues that the trial judge erred by concluding that, as a matter of law, there can be no subrogation by Fireman's against MacSween and Johnson. We affirm.

In 1972, Harvey's decided to expand and remodel parts of its Stateline motel and casino. MacSween was hired as general contractor for the project. Johnson contracted with Harvey's to furnish labor, materials and equipment to paint the interior. On October 24, 1972, Harvey's amended its insurance policy with Fireman's to include as insureds, during the course of the construction,

> Harvey's Wagon Wheel, Inc. and their subcontractors and materialmen *as their interests may appear;* Ian MacSween, dba: MacSween Masonry, MacSween Concrete and Ian MacSween Construction, a Nevada corporation, its subcontractors and materialmen *as their interests may appear.* (Emphasis added.)

On May 15, 1973, Harvey's suffered over $1,000,000 in property loss and damage caused by a fire which swept through the structure under construction, as well as existing structures. Fireman's paid Harvey's approximately $1,160,000 pursuant to Policy No. MXP 160–27–64.

Harvey's filed suit against MacSween, Johnson and others on May 9, 1975, alleging that they negligently caused the fire on May 15, 1973. A portion of Harvey's claim for damages was Fireman's subrogation claim for approximately $1,160,000. The remainder of the damages sought were those not covered by insurance, such as business losses.

Motions for partial summary judgment brought by Mac-Sween and Johnson on the subrogation claim were denied without prejudice on October 17, 1977. The district judge ruled that there was a material issue of fact concerning the extent of coverage in view of the different possible interpretations of the endorsement language "as their interests may appear".

On July 5, 1978, MacSween and Johnson moved for reconsideration of their motions for partial summary judgment, arguing that the sole issue was one of law. The district judge reconsidered the motions in light of persuasive authority cited by MacSween and Johnson. As a result, the district judge granted partial summary judgment and dismissed the portion of Harvey's cause of action that was Fireman's subrogation claim.

Harvey's argues that the district judge abused his discretion when he reconsidered MacSween's and Johnson's motions for partial summary judgment. Reconsideration of motions is proper if the district judge to whom the first motion was made consents to a rehearing. DCR 20(4), presently DCR 13(4); DCR 27, presently DCR 19.[1]

In this case, the district judge expressly denied the first motion for partial summary judgment without prejudice. He concluded that the qualifying language was not so clear and unambiguous that summary judgment was warranted at that stage in the proceedings. The judge implicitly granted the respondents leave to renew their motions at a later date. Although the facts and the law were unchanged, the judge was more familiar with the case by the time the second motion was heard, and he was persuaded by the rationale of the newly cited

---

[1]DCR 20(4):

No motion once heard and disposed of shall be renewed in the same cause, nor shall the same matters therein embraced be reheard, unless by leave of the court granted upon motion therefor, after notice of such motion to the adverse parties.

DCR 27:

When an application or petition for any writ or order shall have been made to a district judge and is pending or has been denied by such judge, the same application or motion shall not again be made to the same or another district judge, except upon the consent in writing of the judge to whom the application or motion was first made.

authority. Under these circumstances, the district judge did not abuse his discretion by rehearing the motions for partial summary judgment.[2]

Harvey's main contention is that the district judge erred by granting partial summary judgment on the ground that Fireman's subrogation claim is barred as a matter of law. Summary judgment is proper where the moving party is entitled to judgment as a matter of law. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963); NRCP 56(c). In this case, the controversy centers on the phrase "as their interests may appear". There is no issue concerning the status of MacSween and Johnson as coinsureds.[3]

[Headnote 3]

As a general rule, no right of subrogation can arise in favor of an insurer against its own insured. Subrogation arises only with respect to the rights of an insured against a third party to whom the insurer owes no duty. Turner Const. Co. v. John B. Kelley Co., 442 F.Supp. 551 (E.D. Penn. 1976).

Harvey's asserts, however, that the phrase "as their interests may appear", which is included in the general purpose endorsement, limits the protection offered by the policy to MacSween and Johnson. It argues that MacSween and Johnson are limited insureds only to the extent that their property interests are damaged or destroyed. Therefore, according to Harvey's, Fireman's is precluded from subrogation only with respect to damages to property belonging to MacSween and Johnson. Courts are split on the question of the effect of the phrase "as their interests may appear" on the status of coinsureds for the purpose of subrogation.

In *Turner Const. Co.,* the federal district court denied summary judgment for the subcontractors in an action brought by the fire insurance company, as subrogee of the general contractor, against the subcontractor whose negligence allegedly caused the fire. The policy provided coverage for subcontractors "as their interests may appear". The district judge reasoned that the purpose of the provision was to give the

---

[2]Appellant cites Moore v. City of Las Vegas, 92 Nev. 402, 551 P.2d 244 (1976) to support its contention. In *Moore,* we held that the district judge abused his discretion by granting a second motion for rehearing after previous motions for summary judgment and rehearing had been denied by another judge. In this case, the judge to whom the motion was first made consented to reargument.

[3]The General Purpose Endorsement to policy No. MXP 160-27-64 names MacSween as an additional insured. Johnson, as subcontractor or materialman for Harvey's, is also covered by the endorsement.

subcontractor an interest in the building, based upon the sub-contractor's labor and material used. The provision, according to that court, did not make the subcontractor a coinsured for all purposes and did not relieve the subcontractor of liability to the general contractor, and its insurer as subrogee, for damage caused by the subcontractor's negligence. *Id.* at 554. *Accord,* Employers' Fire Insurance Co. v. Behunin, 275 F.Supp. 399 (D. Colo. 1967); Public Service Co. of Okla. v. Black & Veatch, Consul. Eng., 328 F.Supp. 14 (N.D. Okl. 1971).

On the other hand, some courts have denied the insurer a right to subrogate coinsureds in similar circumstances. In their motion for reconsideration, respondents cited Baugh-Belarde Const. Co. v. College Utilities, 561 P.2d 1211 (Alaska 1977). In that case, the general contractor could not recover damages from the subcontractor for losses caused by a fire allegedly started by the subcontractor's negligence. The Alaska Supreme Court held that the subcontractor's immunity from liability to the insurer was not limited to the amount of damages to the subcontractor's own property simply because the subcontractor's recovery was so limited. Rather, the coverage of an all-risks policy includes losses caused by the negligence of any insured, and the insurer may not shift those losses to an insured.

The Alaska court cited several public policy considerations to support its conclusion that a builder's risk policy protects each insured against its own negligence. If an insurer is permitted to recover from an insured, a severe conflict of interest arises because the insurer could use its investigation of the loss to build a liability case against its own insured. Secondly, the costs of subrogation litigation, otherwise passed on to the public, may be avoided if the insurer is barred from subrogation regardless of the extent of the insured's property interest. Finally, if each subcontractor is forced to protect against liability for loss to the entire project by paying huge premiums for its own liability insurance, the public will suffer from the increased costs of construction. *Id.* at 1214–1215. *Accord,* Transamerica Ins. Co. v. Gage Plumbing and Heating Co., 433 F.2d 1051 (10th Cir. 1970); Home Insurance Co. v. Pinski Brothers, Inc., 500 P.2d 945 (Mont. 1972); St. Paul Fire & Marine v. Murray Plumbing, 135 Cal.Rptr. 120 (Cal.App. 1976); Stafford Metal Works, Inc. v. Cook Paint & Var. Co., 418 F.Supp. 56 (N.D. Tex. 1976); Truck Ins. Exch. v. Transport Indem. Co., 591 P.2d 188 (Mont. 1979).

The partial summary judgment is further supported by the rule of construction that an ambiguous clause in an insurance

policy should be construed liberally in favor of the insured and against the insurer. *Baugh-Belarde,* 561 P.2d at 1215. In the case at bar, the phrase, "as their interests may appear", may reasonably be read to limit the recovery by the added insureds in case of loss, but not to shift the risk of loss from Fireman's to MacSween and Johnson. If an insurer intends to restrict the coverage of the policy, it should clearly and precisely state that intent. *Id.; Transamerica Ins. Co.,* 433 F.2d at 1054; C. H. Leavell & Co. v. Fireman's Fund Insurance Co., 372 F.2d 784 (9th Cir. 1967). There is no explicit proviso in the insurance policy at issue that makes a subcontractor liable for losses sustained by others that were caused by the subcontractor's negligence.

As a matter of law, coinsureds are immune from a subrogation claim by their insurer absent an explicit proviso to the contrary. Fireman's assumed the entire risk of loss and cannot now shift liability for insured losses to MacSween and Johnson. The order granting partial summary judgment and dismissing Fireman's subrogation claim is affirmed.

MOWBRAY, C. J., and GUNDERSON and MANOUKIAN, JJ., and ZENOFF, SR. J.,[4] concur.