MIKEL SULLIVAN, Appellant, *v.* DAIRYLAND INSURANCE COMPANY, Respondent.

No. 13552

August 27, 1982                                          649 P.2d 1357

*Leavitt, Graves & Leavitt,* Las Vegas, for Appellant.

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *Michael K. Mansfield,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Appellant Mikel Sullivan was seriously injured in an automobile accident, while riding as a passenger. The driver, who negligently caused the accident, was insured by respondent Dairyland Insurance Company. The driver's policy with Dairyland contained the legal minimum liability coverage, $15,000.00 per person per accident. It also provided for payment of up to $5,000.00 in medical expenses, regardless of fault, to the insured and the insured's passengers. The policy contained a setoff clause which read:

> When we pay your medical expenses, you or your legal representative must agree in writing to repay us out of any damages you recover under the liability or uninsured motorist insurance of this policy.

Sullivan's damages greatly exceeded $20,000.00. He recovered $15,000.00 under the liability coverage, and brought this action to recover an additional $5,000.00 for his medical expenses. Dairyland moved for summary judgment, raising the setoff clause as a defense. The district court granted Dairyland's motion. We hold that the setoff clause only operates to prevent double recovery for the same elements of damage, and reverse.

An insurance policy is a contract, and is to be enforced according to its terms so as to effectuate the parties' intent. State Farm Mutual Automobile Ins. Co. v. Hinkel, 87 Nev. 478, 488 P.2d 1151 (1971); Continental Casualty Co. v. Summerfield, 87 Nev. 127, 482 P.2d 308 (1971). An ambiguity in the terms of an insurance contract shall be resolved in favor of the insured, and against the insurer. *E.g.,* Harvey's Wagon Wheel, Inc. v. MacSween, 96 Nev. 215, 606 P.2d 1095 (1980); United Services Automobile Ass'n v. Crandall, 95 Nev. 334, 594 P.2d 704 (1979); Home Indemnity Co. v. Desert Palace, Inc., 86 Nev. 234, 468 P.2d 19 (1970). An insurer desiring to restrict coverage must do so explicity. *Harvey's Wagon Wheel, supra.*

In Melson v. Illinois National Ins. Co., 274 N.E.2d 664 (Ill.App. 1971), the court in interpreting a similar clause held that where the total damages incurred by the insured are greater than the combined coverage, the crediting provision of the medical coverage does not apply. *See* Taylor v. State Farm Mutual Automobile Ins. Co., 237 So.2d 690 (La.App. 1970); Hutchison v. Hartford Accident & Indemnity Co., 312 N.Y.S.2d 789 (1970); Wittig v. United Services Automobile Association, 300 F.Supp. 679 (N.D.Ind. 1969). The reason for the rule is that:

> [the medical payment crediting provision is] designed only to protect the insurance company from double exposure for medical payments. Thus it prevents an insured whose medical expenses have been paid under the Medical Payments Coverage from collecting for those medical expenses once again. . . . Taylor v. State Farm Mutual Automobile Ins. Co., *supra,* at 693.

This interpretation of the coverage is in keeping with the reasonable expectations of an insured that he will be covered for the insurance he has purchased.

Therefore, we hold that Sullivan is entitled to recover benefits under the medical expense insurance provision as well as the liability insurance. We reverse the summary judgment and remand the case to the district court for further proceedings in accordance with this opinion.