PETE CLADIANOS, Appellant, *v.* COLDWELL BANKER COMMERCIAL BROKERAGE COMPANY, CRAIG LADATO, and RICH VANDE NOORD, Respondents.

No. 14712

February 24, 1984         676 P.2d 804

*Charles R. Zeh,* Sparks, for Appellant.

*Roger A. Bergmann,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a summary judgment in a dispute arising from a lease of commercial property. Specifically, the dispute is whether appellant Cladianos was obligated to pay the respondents ("Coldwell") a commission for their efforts to lease the property involved. We have determined that triable issues remain concerning this dispute, and we therefore reverse the summary judgment and remand the matter for further proceedings.

The Lunan Corporation (not a party in this matter) wished to locate a piece of commercial property on which to operate a restaurant. Coldwell, who had been working with Lunan to find a suitable piece of property, discovered an available parcel that was owned by Cladianos. Through Coldwell, Lunan approached Cladianos.

A document dated January 6, 1978, was eventually prepared by Coldwell. The document purported to set forth the terms that would be acceptable for a ground lease of the property involved, between Lunan Corporation and Cladianos. Among the terms prepared by Coldwell was a promise by Cladianos to pay Coldwell a commission based on a varying percentage of the rental payments.

Coldwell then submitted the document to Cladianos. Cladianos made several changes to the terms prepared by Coldwell, mostly with respect to the formula for computing Coldwell's commission. Cladianos also added a term indicating that the "agreement" embodied in the document "[would be] null and void if no deal [were] consummated by 1/21/78." Cladianos signed the document, which was then reviewed and signed in its modified form by Coldwell representative Richard Vande Noord.

Cladianos and Lunan did not reach a lease agreement by January 21, 1978. Nevertheless, Cladianos, Lunan and Coldwell continued their attempts to negotiate a lease of the subject property. Finally, on August 14, 1978, Cladianos and Lunan executed a lease.

Coldwell then asked Cladianos to pay it the commission based on the formula, as modified by Cladianos, contained in the January 6, 1978, document. Cladianos, however, refused to do so. Coldwell thereafter filed suit, alleging three causes of action: (1) recovery on the January 6 document; (2) fraud; and (3) unjust enrichment. After substantial discovery had taken place, both parties moved for summary judgment. On the eve of trial, the district court granted summary judgment in Coldwell's favor, awarding Coldwell the amount of the commission, plus interest and costs. This appeal followed.

A critical item in the record on appeal is the document dated January 6, 1978, that was executed by Cladianos and Coldwell representative Vande Noord. The facts surrounding the preparation and execution of the document, set forth above, are undisputed.

Contrary to Coldwell's assertion, the January 6 document embodied a commission agreement with Cladianos, which unambiguously conditioned Coldwell's right to receive a commission on its ability to negotiate a lease agreement with Lunan by January 21, 1978.[1] Further, any prior negotiations concerning Coldwell's right to receive a commission were superseded by the January 6 writing. *See* Buckley Bros. Motors v. Gran Prix Imports, 633 P.2d 1081 (Colo. 1981). Since the January 6 agreement was intended to define the parties' broker-client relationship, it is immaterial (with respect to Coldwell's cause of action for recovery under the January 6 agreement) whether Coldwell was the "procuring cause" of the lease agreement

---

[1] In its complaint, Coldwell itself asserts that the January 6 document embodies a commission agreement with Cladianos.

eventually reached. *See* Nollner v. Thomas, 91 Nev. 203, 533 P.2d 478 (1975). *Cf.* Bartsas Realty, Inc. v. Leverton, 82 Nev. 6, 409 P.2d 627 (1966) (where there was no exclusive listing agreement, and where trial court was faced with two brokers competing for commission, proper inquiry was which broker was "procuring" or "inducing" cause of sale).

We now turn to a discussion of why summary judgment was improper in this case. Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Casarotto v. Mortensen, 99 Nev. 392, 663 P.2d 352 (1983); NRCP 56(c). We will accept as true all evidence favorable to the party against whom the summary judgment was rendered. Stone v. Mission Bay Mortgage Co., 99 Nev. 802, 672 P.2d 629 (1983).

In the present case the district court did not state why summary judgment was granted or which cause of action entitled Coldwell to a judgment as a matter of law. Our review of the record reveals that there was no basis for summary judgment.

First, it is undisputed that no lease had been entered into by January 21, 1978; therefore, Coldwell was clearly not entitled to a judgment based solely on the January 6 agreement as written. Coldwell contends, however, that Cladianos extended the January 21 deadline. The record contains conflicting evidence on that contention. Thus, there was a triable issue of fact on the cause of action for recovery on the January 6 agreement.[2]

Second, the record contains disputed evidence regarding the extent to which Coldwell rendered meaningful assistance in negotiating the lease ultimately reached. Thus, there was a triable issue of fact on the cause of action for unjust enrichment.

Finally, the fraud cause of action was not argued by Coldwell, either in the district court or on appeal, as a possible basis for summary judgment.

Accordingly, the district court erred by granting summary judgment for Coldwell. Because of the factual issues mentioned above, we also reject Cladianos' contention that the district court should have granted summary judgment in Cladianos' favor.

Reversed and remanded.

---

[2]The parties have not addressed the legal issue of whether the written deadline could be extended by oral agreement of the parties; therefore, we have not addressed that issue.