CATHERINE DIANE PETERSON, Appellant, *v.* COLONIAL INSURANCE COMPANY OF CALIFORNIA, A California Corporation, Respondent.

No. 14806

August 24, 1984                                              686 P.2d 239

*Leavitt and Leavitt,* Las Vegas, for Appellant.

*Edwards, Hunt, Pearson & Hale,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of dismissal in an insur-

ance coverage dispute. The dispositive issue is whether appellant Peterson is entitled to recover benefits under both the "bodily injury" and the uninsured/underinsured motorist coverages afforded by a single insurance policy. We hold that she is not, and we therefore affirm.

Peterson suffered personal injuries while riding as a passenger on a motorcycle that collided with another vehicle. Asserting that the driver of the motorcycle had been careless, Peterson made a claim against him under an insurance policy issued by respondent (Colonial) to the owner of the motorcycle.[1] Colonial paid Peterson $15,000 under that portion of the insurance policy that provided coverage for liability for bodily injuries. The amount of $15,000 represented the maximum benefits available under this particular form of coverage provided by the insurance policy.

In light of her allegation that her damages exceeded $15,000, Peterson also sought to recover benefits from Colonial as an unnamed insured under the uninsured/underinsured motorist coverage also afforded by the insurance policy. Colonial, however, refused to pay Peterson any uninsured/underinsured motorist benefits. Peterson therefore filed this lawsuit against Colonial. Colonial successfully moved to dismiss the suit, and this appeal followed.

Peterson argues that under both statutory and case law, Colonial cannot limit its exposure to one item of coverage provided by the insurance policy, *i.e.,* tortfeasor liability for bodily injury. Specifically, Peterson cites NRS 687B.145(2) for the proposition that she is also entitled to recover uninsured/underinsured motorist benefits. At all times relevant to this case the statute read as follows:

> Insurance companies doing business in this state must offer uninsured motorist coverage equal to the limits of bodily injury coverage sold to the individual policyholder. Uninsured motorist coverage must include a provision which enables the insured to recover any amount of damages for bodily injury from his insurer to which he is legally entitled but which exceeds the limits of the bodily injury coverage carried by the owner or operator of the other vehicle.[2]

---

[1] Peterson claimed that the driver of the motorcycle was a permissive user of that vehicle.

[2] An amended version of NRS 687B.145(2) was enacted by the Legislature in 1983. The amended version took effect after the district court issued the judgment of dismissal in this case, and thus is not pertinent to this lawsuit.

Peterson argues that the object of this statute is to promote full recovery for damages by innocent accident victims. *See* Bond v. Commercial Union Assur. Co., 407 So.2d 401, 407 (La. 1981) (op'n on reh'g).

Peterson also cites, among other Nevada cases, Sullivan v. Dairyland Insurance Co., 98 Nev. 364, 649 P.2d 1357 (1982), for the proposition that an individual may recover multiple forms of insurance coverage under a single policy. In *Sullivan,* an automobile passenger incurred damages that greatly exceeded the driver's liability coverage. We held that the passenger could recover under both the liability and medical expenses coverages provided by the driver's policy.

In response, Colonial argues that NRS 687B.145(2) contemplates that an individual cannot recover both bodily injury benefits and uninsured/underinsured motorist benefits under the same policy. Colonial suggests that the philosophy behind uninsured/underinsured motorist insurance is to give the prudent individual the opportunity to procure protection for himself or others against the tortfeasor who has inadequate insurance. Masters v. Lester, 366 So.2d 471 (Fla. 1979). In this vein, Colonial notes that Peterson could obtain her own uninsured/underinsured motorist coverage.

We agree with Colonial's position. Given the object of uninsured/underinsured motorist coverage, if we concluded that Peterson could recover both uninsured/underinsured benefits and liability or bodily injury benefits under a single policy, we would essentially be increasing the bodily injury coverage provided by the Colonial policy. We decline to so rewrite the policy.

Our conclusion is supported by NRS 687B.145(2). The language and purpose of the statute clearly contemplate the tortious involvement of a party and vehicle other than the insured and the insured's vehicle.

We also believe that Sullivan v. Dairyland Insurance Co., *supra,* and other cases holding that an individual may be protected by multiple forms of first-person coverage under a single insurance policy, are distinguishable from the case at hand. *Sullivan,* for example, held that medical expenses coverage could be cumulative to liability coverage under a single policy. Given the different purpose and philosophy underlying medical expense coverage and uninsured/underinsured motorist coverage, our reasoning and holding here does not conflict with *Sullivan.* In *Sullivan,* we held that the offset clause in the policy regarding medical expenses served only to assure against the payment of duplicative damages by the insurer. Otherwise, medical coverage is akin to first-person accident insurance for

which the insured has paid a separate premium. *Rando v. Calif. St. Auto Ass'n,* 100 Nev. 310, 684 P.2d 501 (Adv. Opn. No. 64, June 26, 1984). Uninsured motorist coverage has also been the subject of permitted stacking under our opinions, but only in the context of first-person coverage available to an insured and other specified beneficiaries injured by another who is uninsured or underinsured. *See* Allstate Ins. Co. v. Maglish, 94 Nev. 699, 586 P.2d 313 (1978); State Farm Mut. Auto. v. Christensen, 88 Nev. 160, 494 P.2d 552 (1972); United Services Auto. Ass'n v. Dokter, 86 Nev. 917, 478 P.2d 583 (1970). At no time have we suggested that uninsured motorist coverage could be added to third-party bodily liability coverage under the same policy for the purpose of increasing the latter coverage.

We affirm the district court's judgment of dismissal.

Affirmed.