STEVEN TSCHABOLD, Appellant, *v.* MICHAEL ORLANDO, FRANK W. ORLANDO, SR., HORSESHOE CLUB OPERATING COMPANY, a Nevada Corporation, Respondents.

No. 17449

May 27, 1987

737 P.2d 506

*Jack Pursel* and *Charles Burnett,* Las Vegas, for Appellant.

*Moran & Weinstock* and *Frances-Ann Fine,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Steven Tschabold filed an action alleging personal injury against co-defendants Michael Orlando, Frank Orlando, Sr., and Binion's Horseshoe Hotel and Casino (the "Horseshoe Club"). The district court awarded summary judgment in favor of the Horseshoe Club. We believe the state of the record before the district court made summary judgment improper. Accordingly, we reverse and remand for trial.

In evaluating the propriety of a summary judgment, we review the evidence in the light most favorable to the party against whom judgment was rendered. Epperson v. Roloff, 102 Nev. 206, 719 P.2d 799 (1986). *See* Servaites v. Lowden, 99 Nev. 240, 660 P.2d 1008 (1983). So viewed, the record in this case reveals the following facts.

[Headnote 2]

On Saturday, July 7, 1984, Tschabold began his shift as bartender at the Horseshoe Club. His Horseshoe Club timecard verifies the time Tschabold finished his shift at 2:45 a.m. Sunday, July 8, 1984. Thereafter, Tschabold and a friend went downstairs and had a drink in the Horseshoe Club's Lounge Bar. Frank Orlando, Sr., an employee and bartender of the Horseshoe Club, started an argument with Tschabold and challenged him to a fight. At this point, Michael Orlando, Frank Orlando, Sr.'s seventeen-year-old son, allegedly struck Tschabold in the face with a beer bottle.

Tschabold filed a personal injury claim naming Michael

Orlando, Frank Orlando, Sr., and the Horseshoe Club as co-defendants.

The Horseshoe Club filed a Motion for Summary Judgment and included its employees' affidavits and depositions. Their evidence indicates that Tschabold was in the Lounge Bar on July 8th to learn the operation and closing procedure of the bar.

Tschabold filed his Opposition to the Horseshoe Club's Motion for Summary Judgment and included his sworn affidavit. Tschabold's evidence indicates that his presence in the Lounge Bar on July 8th was not motivated by or a part of his employment with the Horseshoe Club.

The district court granted summary judgment in favor of the Horseshoe Club. The court apparently concluded that no question of material fact remained at issue because the Nevada Industrial Insurance Act (NRS 616) precluded Tschabold's claim against his employer.[1] This appeal followed.

A court should exercise great care in granting summary judgment. Nehls v. Leonard, 97 Nev. 325, 630 P.2d 258 (1981). *See* Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963). We have repeatedly held that summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Epperson v. Roloff, 102 Nev. at 206. *See* Cladianas v. Coldwell Banker, 100 Nev. 138, 676 P.2d 804 (1984); *see also* NRCP 56(c).[2] Our review of the record reveals that several issues of fact remain to be resolved on both the issue of whether Tschabold was in the Lounge Bar as a Horseshoe Club employee and whether Tschabold's injury arose from the normal scope of his employment. A litigant has the right to trial where doubt as to the facts exists. Nehls v. Leonard, 97 Nev. at 328.

Accordingly, we conclude that the district court erred by granting summary judgment. We reverse the district court's judgment and remand this matter for full trial on the merits.

---

[1]NRS 616.270(1) and (3) prescribe in part:

(1) Every employer . . . shall provide and secure compensation . . . for any and all personal injuries by accident sustained by an employee arising out of and in the course of the employment.

(3) In such cases the employer shall be relieved from other liability or recovery of damages or other compensation for such personal injury.
. . .

[2]NRCP 56(c) prescribes:

[T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.