FARMERS INSURANCE EXCHANGE, Appellant, *v.*
ANNE FRANCIS WARNEY, Respondent.

No. 17049

May 27, 1987                                    737 P.2d 501

[Rehearing denied September 23, 1987]

Beckley, Singleton, DeLanoy, Jemison & List, C. Eric Funston and *Daniel F. Polsenberg,* Las Vegas, for Appellant.

*Gene T. Porter* and *William R. Brenske,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent Anne Warney was injured in a one-car accident involving her then-husband's 1976 Granada. Farmers Insurance Exchange (Farmers) had issued policies on that vehicle and the husband's 1973 Datsun, and Anne and her husband were named insureds.[1] However, an exclusion clause in the policies precluded liability coverage as to injuries suffered by the named insured. Therefore, Anne sought summary judgment to the effect that the accident vehicle was "uninsured" under applicable law, so that she could collect under the uninsured motorist coverage of both vehicles. Her motion was granted. We reverse.

This court held in Estate of Neal v. Farmers Ins. Exch., 93 Nev. 348, 566 P.2d 81 (1977), that exclusion clauses such as the one here at issue cannot eliminate the statutorily mandated minimum liability coverage. Anne argues that *Estate of Neal* is no longer law because it relied on former NRS 698.200(3), now repealed. However, NRS 485.3091 perpetuates the same provision as the former statute, although in different words: minimum liability coverage is required in every automobile liability policy. Accordingly, *Estate of Neal* continues to be a correct statement of Nevada law.[2]

It follows that the accident vehicle was not "uninsured;" Anne could not look to uninsured motorist coverage for recovery. Therefore, the order granting summary judgment is reversed and the cause is remanded for further proceedings.

---

[1] The driver at the time of the accident had no applicable insurance of his own.

[2] We reject Anne's contention that Farmers invited a ruling to the contrary, and that Farmers denied liability coverage.