RUTH BAKER, Appellant, v. CRITERION INSURANCE COMPANY, CRITERION CASUALTY COMPANY, dba CRITERION INSURANCE COMPANY, Respondents.

No. 20476

February 7, 1991                    805 P.2d 599

*Richard A. Harris,* Las Vegas, for Appellant.

*Edwards, Hunt, Hale & Hansen* and *Trevor Atkin,* Las Vegas, for Respondents.

---

*Beckley, Singleton, DeLanoy, Jemison & List* and *Daniel F. Polsenberg,* Las Vegas, for Amicus Curiae.

## OPINION

*Per Curiam:*

Appellant Ruth Baker was injured when riding as a passenger in her own vehicle. The driver was a permissive user who had no insurance policy of his own. He was insured under Baker's policy with Criterion Insurance Company (Criterion). Criterion paid Baker $15,000, which was the limit of the bodily injury coverage in her policy.

Baker brought suit to recover additional compensation under the $15,000 of uninsured/underinsured (UM/UIM) coverage in her policy. The court below granted Criterion's motion for summary judgment and this appeal followed. We agree that Baker may not recover from both bodily injury and UM/UIM coverage of the same policy and affirm the grant of Criterion's motion for summary judgment.

Guest passengers may stack their own UM/UIM coverage with the benefits they receive from the owner's policy, but they may not recover from the owner's UM/UIM coverage. Peterson v. Colonial Ins. Co., 100 Nev. 474, 686 P.2d 239 (1984). In *Peterson,* a non-owner passenger of the tortfeasor's vehicle recovered from the owner's bodily injury benefits. When she tried to collect additional compensation from the owner's UM/ UIM benefits, this court decided that she could recover UM/UIM benefits from a policy that she had procured herself, but that she could not stack the bodily injury and UM/UIM benefits from the owner's policy. *Id.* at 476, 686 P.2d at 240.

Baker attempts to distinguish her situation from *Peterson* because she seeks to stack benefits from her own policy. In fact,

Nevada law requires insurance companies to offer UM/UIM coverage to benefit insureds like Baker. NRS 687B.145(2)[1] does require insurance companies to offer UM/UIM coverage equal to the limits of bodily injury coverage. However, this court stated in *Peterson* that the language of that statute contemplates the tortious involvement of a party and vehicle other than the insured and the insured's vehicle. *Id.* at 476, 686 P.2d at 240. Baker's injury was due to the tortious involvement of another party, but not of another vehicle. Therefore, Baker's injury in this case is not a situation for which NRS 687B.145(2) requires companies to offer UM/UIM coverage.

We noted in *Peterson* that if we concluded that the insured could recover both UM/UIM benefits and liability or bodily injury benefits under a single policy, then the court would essentially be increasing the policy's bodily injury coverage. *Id.* at 476, 686 P.2d at 240. The same result would occur here. Baker's policy only insured individual passengers for bodily injury up to $15,000. To afford Baker additional recovery from Criterion would increase the policy limit.

Still, Baker asserts that the permissive driver in this case was underinsured because her policy only covered him up to $15,000, an amount which her damages exceeded. This court addressed whether a similar driver was uninsured in Farmers Ins. Exchange v. Warney, 103 Nev. 216, 737 P.2d 501 (1987). In *Warney,* as in this case, the insured suffered injuries when she was a passenger in her own vehicle. Since the policy contained a household exclusion for bodily injury, the insured argued that the vehicle was effectively uninsured. However, this court concluded that the statutory minimum provided by NRS 485.3091[2] made the car insured and barred recovery of UM/UIM benefits. *Id.* at 217, 737 P.2d at 501. Baker's claim that her vehicle was underinsured is

---

[1]NRS 687B.145(2) provides in pertinent part that,

Insurance companies transacting motor vehicle insurance in this state must offer, on a form approved by the commissioner, uninsured and underinsured vehicle coverage in an amount equal to the limits of coverage for bodily injury sold to an insured under a policy of insurance covering the use of a passenger car. . . . Uninsured and underinsured vehicle coverage must include a provision which enables the insured to recover up to the limits of his own coverage any amount of damages for bodily injury from his insurer *which he is legally entitled to recover from the owner or operator of the other vehicle* to the extent that those damages exceed the limits of the coverage for bodily injury carried by that owner or operator.

(Emphasis added).

[2]This statute is entitled, "Motor vehicle liability policy: Requirements." It provides that all drivers of motor vehicles must procure a minimum of $15,000/$30,000 liability coverage.

no different from the claim in *Warney* that the vehicle was uninsured, and therefore is not persuasive.

Criterion also asserts that permitting Baker to recover additional damages from her UM/UIM coverage would nullify the household exclusion in the policy. The household exclusion clause precludes the owner of the policy from making a claim for liability or bodily injury benefits. Such clauses are only valid when the claim and coverage are in excess of the $15,000/$30,000 minimum liability insurance required by statute. Estate of Neal v. Farmers Ins. Exch., 93 Nev. 348, 566 P.2d 756 (1971). The exclusion never applied in Baker's case because she had procured only the minimum amount of insurance required by law.

In *Neal,* the exclusion precluded members of the insured's household from recovering liability benefits for which the insured had paid a higher premium. Baker should not be permitted to circumvent the household exclusion in her policy simply because she chose to purchase less coverage. Therefore, Baker may only recover up to $15,000 for her own injuries, and she may not stack the UM/UIM coverage of the same policy upon the benefits she has already received.

For the reasons stated above, we affirm the order granting Criterion's motion for summary judgment.