FARMERS INSURANCE EXCHANGE, Appellant, v.
ANDREA YOUNG, Respondent.

No. 22147

May 13, 1992                                        832 P.2d 376

*Joseph J. Bongiovi, III,* Las Vegas, for Appellant.

*Albert D. Massi,* Las Vegas, for Respondent.

---

[3]The State did not indicate that a reversal would critically prejudice its ability to prosecute Clark in a new trial.

## OPINION

By the Court, SPRINGER, J.:

This case involves the interpretation of an automobile insurance policy. The respondent, Andrea Young (Young), was injured while riding as a passenger in her own vehicle. The driver was David G. Ingram (Ingram), who was not a member of Young's household. The insurance policy at issue includes a provision under which there is no liability coverage for bodily injury to an insured person. The policy also attempts to limit liability coverage for insureds, other than household members, to the statutory minimum.

The minimum coverage required by statute is $15,000.00 per injury and $30,000.00 per accident. NRS 485.105. The policy at issue had a liability limit of $100,000.00 per person.

A statement of the facts was agreed upon by the parties and both parties filed motions for summary judgment. Granting summary judgment in favor of Young, the district court concluded that the policy language is ambiguous and void as against public policy. Under the district court's order, appellant, Farmers Insurance Exchange (Farmers), is responsible for coverage of Young's

injuries in excess of the $15,000.00 statutory minimum up to the $100,000.00 liability limit.

The central issue in this appeal is whether or not Farmers' policy provisions attempting to limit coverage are ambiguous as a matter of law and should therefore be construed against Farmers and in favor of Young. Although we have upheld similar provisions in the past, we have not specifically ruled on the issue of ambiguity. We now conclude that the provisions in question are clear on their face and should be given their plain meaning. Accordingly, we reverse the district court order and enter summary judgment in favor of Farmers.

Generally, summary judgment is proper as long as no genuine issue of material fact exists. Tschabold v. Orlando, 103 Nev. 224, 737 P.2d 506 (1987). In the instant case, because the parties stipulated to the facts, there is obviously no issue of material fact presented and summary judgment is proper. What we must review on this appeal is the district court's conclusion that the policy language was ambiguous and void as a matter of law. When this court reviews a district court's construction or interpretation of an instrument, this court has plenary power of review. See Southwest Gas Corp. v. Ahmad, 99 Nev. 594, 668 P.2d 261 (1983).

It is well settled that any ambiguity in the terms of an insurance contract shall be resolved in favor of the insured and against the insurer. Harvey's Wagon Wheel, Inc. v. MacSween, 96 Nev. 215, 606 P.2d 1095 (1980). We have also held that any attempt to restrict insurance coverage must be done clearly and explicitly. Sullivan v. Dairyland Insurance Co., 98 Nev. 364, 649 P.2d 1357 (1982). It is apparently this case law upon which the district court relied in granting Young's summary judgment motion and denying Farmers' motion.

The insurance policy at issue contains an exclusion clause which attempts to limit the liability coverage afforded an insured driver for injury to another insured person. The exclusion clause specifically provides that:

This coverage does not apply to:

. . . .

11.a. Liability for **bodily injury** to an **insured person**

The policy also provides, under the heading "Other Insurance," the following provision:

> We will provide insurance for an **insured person,** other than a **family member,** up to the limits of the Nevada Financial Responsibility Law only.

The policy defines an "insured person" as "you or any family member" or "any person using your insured car."

Based upon the above-quoted provisions, Farmers contends that the exclusion clause limits liability coverage afforded an insured driver to the minimum found in the Nevada Financial Responsibility Law ($15,000.00 per injury/$30,000.00 per accident) when the injured party is an "insured person" under the policy. Young maintains that these provisions are ambiguous and that under the general insuring clause,[1] Farmers is obligated to pay all damages for which an "insured person is legally liable."

In Estate of Neal v. Farmers Ins. Exch., 93 Nev. 348, 566 P.2d 81 (1977), we held that a household exclusion clause in an insurance policy was void to the extent that it did not provide the minimum coverage required by statute. We concluded, however, that the exclusion was otherwise valid. In *Neal,* the appellant did not challenge the exclusion as being ambiguous, so our conclusion that the exclusion was valid is not dispositive of the instant issue.

The holding in *Neal* that an insurance policy cannot exclude the minimum coverage required by statute was reaffirmed in Farmers Ins. Exchange v. Warney, 103 Nev. 216, 737 P.2d 501 (1987). In *Warney,* however, no conclusion was made with respect to the ambiguity of the policy's exclusionary clause.

We again upheld an exclusion clause in an insurance policy without discussing the issue of ambiguity in Baker v. Criterion Insurance Co., 107 Nev. 25, 805 P.2d 599 (1991). In *Baker,* the named insured was injured while riding as a passenger in her own vehicle which was driven by a permissive user. We concluded that the named insured could not recover from both bodily injury and uninsured/underinsured motorist coverage found in the same policy. *Id.* at 26, 805 P.2d at 600. No findings or conclusions were made, however, with respect to the clarity or ambiguity of the exclusionary clause at issue.

Young asserts that the exclusionary clause at issue in the present case was not sufficiently clear to advise her that she would only be compensated up to the statutory minimum for injuries sustained while riding as a passenger in her car (when

---

[1]The general insuring clause provides that:

> We will pay damages for which any insured person is legally liable because of bodily injury to any person and property damage arising out of the ownership, maintenance or use of a private passenger car, a utility car, or a utility car trailer.

driven by a non-household member). The exclusion states that "[t]his coverage does not apply to . . . [l]iability for bodily injury to an insured person." Young maintains that because the policy refers to different types of coverage, it is not clear what type of coverage is referred to by "this."

Farmers maintains that because the exclusion is found in Part I of the policy which is titled "Liability," it is obvious that "this coverage" refers to liability coverage. Farmers also points out that the parties have stipulated that the exclusion refers to liability coverage. Specifically, in the stipulated facts, immediately prior to laying out the exclusion, the parties agree that: "Young's policy contained the following insured person exclusion to *liability coverage.*" (Emphasis added.)

We conclude that Farmers is correct under both rationales. Young stipulated that the exclusion involved liability coverage, and it is also clear under the plain language of the policy that "this coverage" refers to liability coverage. We conclude, based upon our reading of the policy, that the language of the policy is not ambiguous and should be given its plain meaning. Accordingly, the district court order should be reversed and summary judgment should be entered in favor of Farmers.

Farmers also argues that Young is only entitled to $15,000.00 in coverage (the statutory minimum) based upon the permissive user limitation in the policy. The district court failed to address this provision in its order granting summary judgment. The provision provides:

> We will provide insurance for an *insured person* other than you or a *family member,* up to the limits of the Nevada Financial Responsibility Law only.

A permissive user is included in the policy's definition of an "insured person."

Generally, an insurance policy, like any other contract, will be construed as written absent any ambiguity. *See* Ellison v. C.S.A.A., 106 Nev. 601, 797 P.2d 975 (1990). Young contends that the permissive user limitation is impermissibly ambiguous because it is on page two of the policy and is listed under the heading, "Other Insurance." Young asserts that "it would be difficult to believe that the consumer would check under the Other Insurance section" in attempting to determine what restrictions applied to the policy.

Farmers maintains that the permissive user provision is clear and consistent with Nevada public policy. The provision does

provide for the minimum coverage required by Nevada law, but it does not expose the insurer to large liability for a risk it cannot determine. According to Farmers, premiums are based upon the presumed risk, which is in turn based upon the risk imposed by the named insured and the other likely users. The risk posed by unknown permissive users, such as Ingram in the instant case, is necessarily beyond the knowledge of the insurer at the time of contracting. By limiting the coverage of permissive users to the statutory minimum, the insurer avoids being excessively exposed for the actions of unknown users. Farmers concludes that "[t]he limitation is a necessary trade-off for having to provide liability coverage to *anyone* who initially drives an insured vehicle with the insured's permission."

We conclude that the permissive user provision is not ambiguous. Assuming an insured reads the policy,[2] it is difficult for us to see how the insured could have doubts or questions as to the provision's meaning.[3] The provision clearly provides that coverage for a permissive user, other than a family member, will be limited to the statutory minimum. Further, we conclude that the rationale for such a limitation is valid. It is impossible for insurers to predict the risk posed by every potential permissive user. Accordingly, we reverse the order of the district court and

---

[2]Although we understand that many people may in fact *not* read their insurance policies, we conclude that the consumer has at least this responsibility. If we presume that consumers do not read policies, we would then force insurers to explain verbally every minute detail of a policy. We must assume that the insured party has at least read the policy and given a plain common-sense meaning to the policy's provisions.

[3]In her answering brief, Young contends that, under the "reasonable expectations doctrine," she is entitled to $100,000.00 of coverage. Young cites Arizona law for the proposition that, in some instances, even unambiguous boilerplate terms in standardized insurance contracts will not be enforced. *See* Darner Motor Sales v. Universal Underwriters, 682 P.2d 388 (Ariz. 1984); State Farm Mut. Ins. v. Dimmer, 773 P.2d 1012 (Ariz.App. 1988). Other courts have agreed and have read insurance contracts to be adhesion contracts. *See* Estep v. State Farm Mt. Auto. Ins. Co., 703 P.2d 882 (N.M. 1985).

We have not gone that far.. We have concluded that a policy will be given its plain meaning unless an ambiguity is found. Only when an ambiguity exists should the court go beyond the language and consider "the intent of the parties, the subject matter of the policy, [and] the circumstances surrounding issuance." National Union Fire Ins. v. Caesars Palace, 106 Nev. 330, 332-333, 792 P.2d 1129, 1130 (1990) (citation omitted); *see* Ellison v. C.S.A.A., 106 Nev. 601, 797 P.2d 975 (1990). When an ambiguity is found, "the policy should be construed to effectuate the reasonable expectations of the insured." *National Union Fire Ins.* at 333, 792 P.2d at 1130. Absent the finding of an ambiguity in the policy, the reasonable expectations doctrine does not help Young.

order that summary judgment be entered in favor of Farmers based upon the clear, unambiguous permissive user limitation.

ROSE, STEFFEN and YOUNG, JJ., concur.

MOWBRAY, C. J., dissenting:

Respectfully, I dissent.

The majority concludes that the exclusionary terms in the insurance contract are "clear on their face" and then proceeds to give the terms their "plain meaning." The majority, however, mistakenly assumes that their conclusion ends the inquiry. Because of the nature of the contract and the contracting parties, I believe that even the most precise language is insufficient to eliminate coverage.

The relevant rules of construction are straightforward. First, any contract is construed against the party who prepared the contract. *E.g.,* Caldwell v. Consolidated Realty, 99 Nev. 635, 668 P.2d 284 (1983). Farmers prepared and printed this contract; thus, every term must be construed in favor of respondent, the insured. Second, because this is an *insurance* contract, the court is under an even more stringent duty to interpret in favor of the insured. *See* Harvey's Wagon Wheel v. MacSween, 96 Nev. 215, 606 P.2d 1095 (1980). Finally, the contract term in dispute is an exclusion from coverage, and exclusions are subjected to the closest possible scrutiny. *See* Sullivan v. Dairyland Insurance Co., 98 Nev. 364, 649 P.2d 1357 (1982).

Moreover, in my view, this is not merely an insurance contract but an adhesion contract for insurance. An adhesion contract is a standardized form contract written entirely by a party with superior bargaining power. The weaker party confronts a "take it or leave it" proposition, under which the only alternative to complete adherence is outright rejection. Steven v. Fidelity and Casualty Co. of New York, 377 P.2d 284 (Cal. 1962). Here, the insurance policy was prepared entirely by Farmers, a major insurance company whose bargaining power is clearly superior to individual members of the general public. Respondent was not at liberty to sit down with Farmers and bargain individual terms. Farmers dictated the contract terms to her and, if she wanted Farmers automobile insurance, she had to sign the contract as is.[1]

Because I believe this is an adhesion contract, I submit that this court is obligated to interpret it consistent with the reasonable expectations of the insured. Gray v. Zurich Insurance Co., 419

---

[1]One commentator has observed that most agreements found to be adhesion contracts by California courts have been insurance policies. In addition, this same observer notes that in most other states the adhesion contract doctrine has been confined to insurance policies. Richard P. Sybert, *Adhesion Theory in California: A Suggested Redefinition and Its Application to Banking,* 11 Loy. L.A. L.Rev. 297 (1978).

P.2d 168 (Cal. 1966). Here, respondent reasonably expected that her policy with Farmers would cover her personal injuries. Accordingly, I would affirm the order of the district court.