105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FIRE INSURANCE EXCHANGE, a California Corporation, Plaintiff-Appellee,
v.
Norris HAUGEN; Elva J. Haugen, Defendants-Appellants.
 No. 95-17059.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996*.
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Norris and Elva Haugen appeal pro se the district court's summary judgment in favor of Fire Insurance Exchange ("Fire Insurance") in Fire Insurance's diversity declaratory judgment action seeking a declaration that Fire Insurance has no obligation under the Haugen's homeowners insurance policy to cover a state court judgment entered against Elva Haugen for libel. The Haugens also appeal from the dismissal of their countersuit against Fire Insurance alleging that Fire Insurance breached its contractual obligation to the Haugens under the insurance policy. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The Haugens contend that a personal injury such as libel is covered under the personal liability section of their homeowners insurance policy.[1]
 
 
 4
 We review de novo the district court's grant of summary judgment. See Stanford Ranch, Inc. v. Maryland Cas. Co., 89 F.3d 618, 624 (9th Cir.1996). We also review de novo a district court's dismissal of an action for failure to state a claim. See Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995).
 
 
 5
 As a federal court sitting in diversity, we are bound to apply the substantive law of Nevada, the forum state. See State Farm Fire & Cas. Co. v. Smith, 907 F.2d 900, 902 (9th Cir.1990). Under Nevada law, an insurance policy will be given its plain meaning unless an ambiguity is found. See Farmers Ins. Exch. v. Young, 832 P.2d, 379 n. 3 (Nev.1992); accord Nevada VTN v. Gen. Ins. Co. of America, 834 F.2d 770, 773 (9th Cir.1987). "When an ambiguity is found, 'the policy should be construed to effectuate the reasonable expectations of the insured.' " Young, 832 P.2d at 379 n. 3 (quoting National Fire Union Ins. v. Caesars Palace, 792 P.2d 1129, 1130 (Nev.1990)). "[T]he policy must be read as a whole in order to give a reasonable and harmonious meaning and effect to all its provisions." National Union Fire Ins. Co. v. Reno's Executive Air, Inc., 682 P.2d 1380, 1383 (Nev.1984) (per curiam); accord Nevada VTN, 834 F.2d at 773.
 
 
 6
 Here, the personal liability section of the Haugen's insurance policy states in the relevant part: "We shall pay all damages from an occurrence which an insured is legally liable to pay because of bodily injury or property damage covered by this policy." Special Policy at 6 (bolding in original). The policy defines "occurrence" as "a sudden event ... neither expected nor intended by the insured." Special Policy at 1. The state court judge in the libel suit found that Elva Haugen had made libelous statements "maliciously ... with intent to injure." Clark v. Haugen, No. A 268761 (Dist.Crt., Clark Cty.Nev. Oct. 4, 1993). Therefore, because Elva Haugen's libelous statements were intended, they were not an "occurrence" covered under the plain meaning of the insurance policy. See Young, 832 P.2d at 379 n. 3.
 
 
 7
 The Haugens, nonetheless, contend that "occurrence" simply limits Fire Insurance's liability for bodily injury and property damage, not for personal injuries. Although personal injuries are not explicitly listed in the policy's coverage section for personal liability, the Haugens contend that personal liability is commonly understood to include personal injury, such as libel. The Haugens' contention lacks merit.
 
 
 8
 When reading the policy as a whole, it is clear that the language quoted above provides the policy's exclusive coverage for personal liability. See National Union Fire Ins. Co., 682 P.2d at 1383; Farmers Ins. Group v. Stonik ex rel. Stonik, 867 P.2d 389, 391 (Nev.1994) (per curiam) (stating that the court should not "increase an obligation to the insured where such was intentionally and unambiguously limited by the parties."). Because the policy's language is not ambiguous, the policy cannot be construed in accordance with the Haugen's expectations that the policy would cover personal injuries. See Young, 832 P.2d at 379 n. 3.
 
 
 9
 Accordingly, the district court did not err by granting summary judgment in favor of Fire Insurance and by dismissing the Haugens' countersuit against Fire Insurance.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Haugens do not contest the district court's finding that during the relevant period, 1987-88, the Haugens were covered by "Your Special Form Homeowners Policy Package" ("Special Policy")
 
 
 [2]
 Because liability for libel is not potentially within the scope of the Haugen's policy's basic coverage, the Haugens' contention that Fire Insurance had a duty to defend them in the libel state lawsuit lacks merit. See Nevada VTN, 834 F.2d at 773