**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN A. HOLPER; KARA HOLPER, | No. 14-16438 |
| Plaintiffs - Appellants, | D.C. No. 2:13-cv-00869-APG-GWF |
| v. | |
| ACE AMERICAN INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 12, 2016[**]
San Francisco, California

Before: TROTT, IKUTA, and WATFORD, Circuit Judges.

The Holpers appeal the district court's summary judgment granted to Ace

American Insurance Company in their attempt by way of a liability claim to

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

recover for injuries suffered by Steven Holper in a boating accident caused by his wife, Kara. We have jurisdiction over this timely appeal, and we affirm.

The district court concluded that the disputed liability claim is precluded by an unambiguous policy exclusion which denies coverage if injury to the named insured (Steven) is caused by a person to whom Steven granted express permission to operate the boat. This exclusion is commonly known as the "household exclusion."

The Holpers do not challenge the court's holding that the policy exclusion is not ambiguous. Instead, they rely on an unpersuasive argument not advanced in the district court, i.e., that "the doctrine of reasonable expectations should supercede the unclear contract language and provide coverage for Dr. Holper's injuries." By not raising this issue in the district court, the Holpers forfeited it. O'Guinn v. Lovelock Correctional Center, 502 F.3d 1056, 1063 n.3 (9th Cir. 2007). In any event, the "reasonable expectations" doctrine does not apply to unambiguous policy provisions. Farmers Ins. Exchange v. Young, 832 P.2d 376, 379 n.3 (Nev. 1992) (the "reasonable expectations" doctrine only applies if a policy is ambiguous).

In the alternative, the Holpers contend that the "'household exclusion' in the policy . . . is invalid on public policy grounds." They base this argument on Nev.

Rev. Stat. § 687B.147, which requires such an exclusion in cases involving passenger cars to include the precise names of persons excluded for the exclusion to be valid. This argument is defective on its face. NRS 687B.147 applies to passenger cars, not to watercraft.

Finally, the district court did not abuse its discretion in declining to certify this issue for decision to the Nevada Supreme Court. We also do not believe that certification is necessary in this uncomplicated straightforward case.

AFFIRMED.