SUPERIOR LUMBER COMPANY v. NATIONAL BANK OF
COMMERCE.

Opinion delivered February 20, 1928.

1. MORTGAGES—PRIORITY OF MATERIALMAN'S LIEN.—A mortgage to secure future advances, where it is optional with a mortgagee whether to make future advances or not, is inferior to a material-man's lien as to advances made after the mortgagee had notice that the materialman's lien had attached to the property.

2. MECHANICS' LIEN—STATUTORY PROVISIONS.—A lien for materials is purely a statutory lien.

3. MECHANICS' LIEN—WHEN MATERIALMAN'S LIEN ASSIGNABLE.— While a materialman's lien is assignable, the right to perfect such a lien is not assignable, and the lien must be perfected before it can be transferred or assigned.

4. MECHANICS' LIEN—RIGHT TO ASSIGNEE.—A bank which advanced money to pay off certain claims of materialmen *held* not to have acquired a superior lien against the lien of the mortgage, where it did not prove that the claim had been established as a lien in the manner required by statute.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed.

STATEMENT OF FACTS.

Superior Lumber Company brought this suit in equity against W. B. McCall for the purpose of enforcing a lien for materials furnished and used in improving his home in El Dorado, Arkansas. Other lien claimants for materials and National Bank of Commerce, which had a mortgage on the premises, were made parties defendant. National Bank of Commerce defended the suit on the ground that its mortgage was superior to the lien of the plaintiff for materials. On the trial of the case it was shown that, between the 26th day of January, 1927, and the 6th day of April, 1927, Superior Lumber Company sold to the defendant, W. B. McCall, building materials of the value of $3,048.39, which were used in improving his home in El Dorado, Arkansas. It was also shown that on the first day of July, 1926, W. B. McCall executed a mortgage to the National Bank of Commerce to secure the sum of $2,000, which he owed said

bank. It is conceded that the mortgage to secure this sum is a prior lien on the land involved in this suit to those of the materialmen. The mortgage also contains a provision that it is given to secure any other indebtedness which may exist on the part of said W. B. McCall to the National Bank of Commerce up to the foreclosure of the mortgage, should it be foreclosed within five years from date. The date of the mortgage is July 1, 1926. Subsequent to the furnishing of the materials by the Superior Lumber Company, as above stated, National Bank of Commerce advanced to W. B. McCall $900, evidenced by note for said sum, dated April 9, 1927, and due May 3, 1927. Four hundred and fifty dollars of this amount was used by McCall in paying for materials which were used in improving his house. The National Bank of Commerce asked that its mortgage be foreclosed and that it should be declared a lien superior to that of the plaintiff for material furnished.

The court found the issues in favor of said bank, and it was declared that the bank had a superior lien on the house and lot of W. B. McCall to that of the materialman's lien of the Superior Lumber Company, and a decree of foreclosure was also entered of record in favor of said bank. To reverse that decree Superior Lumber Company has duly prosecuted an appeal to this court.

*T. O. Abbott* and *Graham Moore*, for appellant.

*Marsh, McKay & Marlin*, for appellee.

HART, C. J., (after stating the facts). The chancellor was wrong in holding that the bank had a superior lien to that of plaintiff as to the $900, evidenced by a note of April 9, 1927. This money was advanced by the bank after the lien of the plaintiff had accrued for the materials furnished by it and used in the improvement of the premises on which the bank had a mortgage. The mortgage did not contain a clause making it obligatory upon the bank to make this advance of $900, and it had notice of the lien of plaintiff at the time the $900 was furnished. It was entirely optional with the bank whether or not it should make it. Mortgages to secure future advances are

valid; but, where it is entirely optional with the mort: gagee whether to make future advances or not, advances made after notice of a subsequent incumbrance, such as a lien for materials furnished, are inferior to the materialman's lien. In other words, the general rule is that, if the amount for which the mortgage shall stand is wholly optional with the mortgagee, he cannot, after notice that a subsequent lien has attached, deplete the value of the equity to the disparagement of its lienors by advances which, if refused, would not have been in force. *Heintze* v. *Bentley,* 34 N. J. Eq. 562; *Gray* v. *McClellan,* 214 Mass. 92, 100 N. E. 1093; *Finlayson* v. *Crooks,* 47 Minn. 74, 49 N. W. 398, 645; *Germania Building & Loan Assn.* v. *B. Fraenkell Realty Co.,* 82 N. J. Eq. 49, 88 Atl. 305; *W. P. Fuller & Co.* v. *McClue,* 48 Cal. App. 185, 191 Pac. 1027, and cases cited; *Savings & Loan Society* v. *Burnett,* 106 Cal. 514, 39 Pac. 922; 27 Cyc. 239, 240; 40 C. J., p. 302, § 393 (bb); 41 C. J., p. 527, par. 468 (4); and *Davis* v. *Carlisle* (Circuit Court of Appeals, Eighth Circuit), 142 Fed. 106, and cases cited. The record shows that the bank had notice of the materialman's lien of plaintiff at the time it furnished the $900 evidenced by the note of April 9, 1927.

It is insisted, however, that the bank should have a superior lien for $450, because that amount was furnished by it to McCall for the purpose of paying off materialmen's liens against the mortgaged property, and was used by him for that purpose. The lien for materials is purely a creature of the statute, and, while it is assignable under our statute, the right to prosecute a mechanic's lien is not assignable. Such liens must be perfected before they can be transferred or assigned. Before the bank could claim any right to the lien of the materialmen by advancing money to pay off their claims, it would have to prove that these liens had been established in the manner required by statute. *Young Men's Building Assn.* v. *Ware,* 158 Ark. 137, 249 S. W. 545.

The result of our views is that the decree of the chancery court was wrong, and will be reversed, with

directions to enter a decree in favor of the Superior
Lumber Company, holding that it has a paramount lien
on the house and lot in question to that of the mortgage
lien of the bank for the $900 note of April 9, 1927, and
for further proceedings in accordance with the principles
of equity and not inconsistent with this opinion.