James DEMPSEY, et al. *v.* Pat H. McGOWAN, et al.

86-127                                    722 S.W.2d 848

Supreme Court of Arkansas
Opinion delivered February 2, 1987
[Rehearing denied March 2, 1987.]

*Phillip J. Taylor*, for appellant.

*Gean, Gean & Gean*, by: *Lawrence W. Fitting*, for appellee.

JOHN I. PURTLE, Justice. This case involves a priority dispute of liens on real property. The trial court held that the construction money mortgage in question was superior to the materialmen's liens which were perfected after the mortgage was filed.

For reversal the appellant argues that the court erred in granting priority to the advances made after the construction commenced. Also, the appellant argues that the court erred in awarding attorneys' fees to one of the materialmen, National Lumber Company, and in giving this award equal status with the mechanics' liens. We agree with the trial court on the first argument, but we hold it was error to place the materialmen's lien and the attorneys' fees for the materialmen on the same level of priority. We, therefore, modify the decision of the lower court and affirm.

On April 27, 1984, the First American Federal Savings Bank loaned Pat H. McGowan and his wife, Charlotte C. McGowan, the sum of $105,200.00 for the purchase of a lot and the construction of a house. A mortgage and promissory note were executed in conjunction with the loan. On the same date, $30,150.00 of the loan proceeds were applied as payment for the lot. The balance of the loan proceeds was placed in a trust fund which was to be used for the purpose of the construction. The mortgage contained a typed-in provision which stated:

> That the purpose of this loan is to pay $30,150.00 on the purchase price of said property and the lender is unequivocally obligated and committed to advance the balance to the borrower for the purpose of erecting improvements on the mortgaged property, and lender's lien shall extend to, and include, all improvements erected upon said property and be prior to any lien for labor or material furnished to such improvements.

> Subject also to the terms and conditions of a construction loan agreement entered into this date which is made a part hereof by reference.

The mortgage was recorded on April 27, 1984, and construction commenced on May 2, 1984.

It is stipulated by the parties that the mortgage lien and the

materialmen's liens are valid. The questions presented are the priority of liens between the construction mortgage and the materialmen's liens, and to what extent, if any, attorneys' fees are included in determining the priority of liens.

The mortgage and the accompanying note included a provision for the collection of reasonable attorneys' fees. The judgment by the trial court in favor of the mortgagee included a sum for the attorneys' fees. This fee award was given the same priority as the underlying debt. Also, the judgment included an award for attorneys' fee for one of the materialmen's liens. This supplier and the mortgagors had a contract providing for the indemnification of attorneys' fees in the event that the materialman was forced to foreclose its lien. The appellant does not challenge the attorneys' fee award which was entered as part of the mortgagee's construction mortgage foreclosure judgment. The appellant however, does argue that the attorneys' fee award for the co-lienor should not have been placed on parity with the materialmen's liens.

Ark. Stat. Ann. § 51-605 (Repl. 1977) states:

> The lien for the things aforesaid, or work, shall attach to the buildings, erections or other improvements, for which they were furnished or work was done, in preference to any prior lien or encumbrance or mortgage existing upon said land before said buildings, erections, improvements or machinery were erected or put thereon, and any person enforcing such lien may have such building, erection or improvement sold under execution, and the purchaser may remove the same within a reasonable time thereafter; Provided, however, That in all cases where said prior lien or encumbrance or mortgage was given or executed for the purpose of raising money or funds with which to make such erections, improvements or buildings, then said lien shall be prior to the lien given by this act.

The first argument of the appellant is that the mortgagee was not unequivocally obligated and committed to advance the balance of the loan funds to the borrower. All of the advances from the trust fund, except for the cost of the lot, were advanced to the mortgagor after construction had commenced. Neither the mortgagee, nor the trustee, required proof of payment to the

materialmen before advancing additional money. There is no evidence that the subsequently released funds were released with actual knowledge on the part of the mortgagee that the materialmen had furnished supplies and labor for which they had not been paid. Nor is there any provision in the mortgage which would inure to the benefit of the materialmen.

■ Even though a mortgage has a provision stating that it will cover future construction advances on the loan, such future advances will not always have priority over subsequent materialmen's liens. If future advances are optional with the mortgagee, such subsequent payments do not have priority if they are made after notice that subsequent encumbrances, such as materialmen's liens, have attached. *Superior Lumber Company* v. *National Bank of Commerce*, 176 Ark. 300, 2 S.W.2d 1093 (1928).

■■ In order to establish a construction money mortgagee's priority over materialmen's liens, the following conditions must be satisfied: (1) the mortgage must be executed and recorded before commencement of the building; (2) the mortgagee must be unequivocally bound to advance money for construction; and (3) the recorded mortgage must show that the mortgagee is unequivocally bound. *Planters Lumber Company* v. *Jack Collier East Company*, 234 Ark. 1091, 356 S.W.2d 631 (1962). The appellant argues the mortgagee was not unconditionally bound because there were a number of conditions and options contained in the mortgage and construction trust agreement. The appellant argues that these provisions rendered the future advances optional with the mortgagee. One of the stated conditions relied upon by the appellant is that the lender could make future advances "upon authorization of the borrower *and* his furnishing current lien releases, *and* approval of the lender." Other conditions in the mortgage included provisions for insurance, compliance with construction plans and specifications, payment of monthly installments on the note, and prohibition against diversion of the funds for other purposes. We think these provisions in the mortgage agreement are reasonably objective standards necessary to insure the performance of the provisions and purpose of the contract.

■ The requirement that a lender be unequivocally bound to advance the construction money in order to have priority over

other lien holders means that the construction money lender must have no discretion in advancing construction funds if the borrower satisfies the standard requirements included in their contract. A literal requirement that a lender can have absolutely no discretion or any conditions relating to future advances in a mortgage would defeat the purpose of the loan and probably bring an end to construction money loans.

From the language in the present mortgage, it is apparent that the mortgagee was unequivocally obligated to advance the balance of the funds for construction purposes even though some restraints and conditions were included in the agreement. Some of the funds released by the mortgagee were used by the mortgagor for purposes other than construction; however, when determining priority of liens we consider the *purpose* for which the funds were supplied rather than the *use* which was made of the money. *Sebastian Building and Loan Association* v. *Minten*, 181 Ark. 700, 27 S.W.2d 1011 (1930).

We next consider the appellant's argument relating to attorneys' fees. The attorneys' fee provision in the filed mortgage and accompanying promissory note are not contested. These attorneys' fees are a part of the security bargained for in the construction money mortgage. *House, Trustee* v. *Scott*, 244 Ark. 1075, 429 S.W.2d 108 (1968). However, the attorneys' fee award to the lumber company is in a different category. The contract between the mortgagor and National Lumber Company was not filed of record; therefore, the materialmen had no notice of this agreement. There is no statutory provision making the attorneys' fees for a supplier of materials or labor a part of their lien. Although not on a par with the materialmen's liens we approve the judgment in favor of the materialmen's attorney on the basis of the contract between the supplier and the mortgagor. Therefore, the attorneys' fee in favor of the supplier should not have been included as a part of the materialmen's lien judgment. The judgment for attorneys' fees in the amount of $2,941.36 to National Lumber Company is not of the same priority as the materialmen's liens.

Under the circumstances of this case we hold that the mortgagee was unequivocally obligated and committed to advance the balance of the trust fund to the borrower for the purpose

of erecting improvements on the mortgaged property. The liens and judgments of the materialmen share secondary priority except for the amount of the attorneys' fee granted to National Lumber Company. This award is determined to be inferior to the materialmen's liens. The judgment is modified to the extent above stated and affirmed.

Affirmed as modified.