KAREN ELLISON, Appellant, *v.* CALIFORNIA STATE
AUTOMOBILE ASSOCIATION, Respondent.

No. 20480

September 14, 1990 797 P.2d 975

[Rehearing denied December 18, 1990]

*Richard A. Harris,* Las Vegas, for Appellant.

*Hafen & Mayor,* Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

The sole issue in this appeal is whether a medical payments setoff or crediting provision contained in an automobile insurance policy is enforceable and prevents an insured from recovering twice for medical payments under separate provisions of the policy which independently provide medical payments recovery for personal injuries. We hold that it does and affirm the decision of the district court.

## The Facts

Appellant Karen Ellison (Ellison) was insured under an automobile insurance policy from respondent California State Automobile Association (CSAA). The policy provided both medical payments coverage and uninsured motorist coverage which included a medical payments provision within it. Separate premiums were assessed for each of the two coverages.

The uninsured motorist coverage provided a setoff provision coordinating the two coverages which stated:

> If an insured person has valid and collectible automobile medical payments insurance available to him, the damages which he shall be entitled to recover from the owner or operator of an uninsured motor vehicle shall be reduced for purposes of uninsured motorist coverage by the amounts paid or due to be paid under such automobile medical payments insurance.[1]

Ellison was injured in an accident with an uninsured motorist and incurred medical expenses. CSAA paid the medical expenses under the medical payments portion of the policy. The uninsured

---

[1] A similar clause was included in the medical payments provision of the policy. It provided:

> Any amount paid or payable for medical expenses under the Liability or Uninsured Motorist coverages of this policy shall be deducted from the amount payable under this part.

motorist claim subsequently went to arbitration and the arbitrator awarded Ellison $10,617.96. This award included $7,000 for pain and suffering and $3,617.96 for medical expenses. CSAA paid the pain and suffering award but, asserting the medical payments setoff provision in the policy, refused to pay the amount awarded for the medical expenses. It claimed that under the setoff provision Ellison was entitled to only one payment of medical expenses which CSAA had already paid.

Ellison filed suit to recover the remainder of the arbitrator's award and the district court granted CSAA's motion for summary judgment. This appeal followed.

## *Discussion*

The issue before us involves the interpretation of the medical payments setoff clauses in the parties' insurance contract. We conclude that CSAA was entitled to an offset under the terms of the policy and therefore reject Ellison's contrary position.

Nevada's summary judgment standards are well settled. Summary judgment is appropriate only when the movant is entitled to judgment as a matter of law. Sawyer v. Sugarless Shops, 106 Nev. 265, 792 P.2d 14 (1990). However, issues of contractual construction, in the absence of ambiguity or other factual complexities, present questions of law for the courts and are suitable for determination by summary judgment. *See* Phillips v. Parker, 106 Nev. 415, 794 P.2d 716 (1990); Continental Ins. v. Page Engineering Co., 783 P.2d 641, 651 (Wyo. 1989).

It has long been the policy in Nevada that absent some countervailing reason, contracts will be construed from the written language and enforced as written. *Cf.* Southern Trust Mort. Co. v. K & B Door Co., 104 Nev. 564, 568, 763 P.2d 353, 355 (1988) (where document is clear on its face, the court will construe it according to its language). The parties' contract unambiguously provides for only one payment of medical expenses if there is overlapping coverage and such expenses result from an accident with an uninsured motorist.

Moreover, we have addressed this matter and rejected a double recovery in both Sullivan v. Dairyland Insurance Co., 98 Nev. 364, 649 P.2d 1357 (1982), and Mid-Century Ins. Co. v. Daniel, 101 Nev. 433, 705 P.2d 156 (1985). In our view, the reasonably clear language of the two setoff clauses, combined with our decisions in *Mid-Century* and *Sullivan,* are dispositive.

In *Sullivan,* an insured's passenger sustained physical injuries that were far in excess of the driver's liability coverage. The

passenger sought to collect both the liability and the medical payments coverage from the insurer. The defendant insurer relied on a setoff clause, similar to the clauses here, that allowed it to deduct medical expenses from the uninsured motorist insurance payment. *Sullivan*, 98 Nev. at 365, 649 P.2d at 1358. We determined that the passenger could recover under both coverages despite the setoff clause because ". . . the setoff clause only operates to prevent double recovery for the *same elements of damage. . . ." Sullivan*, 98 Nev. at 365, 649 P.2d at 1358. We concluded that although the offset limitation was in keeping with the reasonable expectations of the insured, it was inapplicable when the damages exceeded the coverage limits.

The discussion in *Sullivan* is controlling and necessarily requires a different result in this case. Because Ellison's medical expenses did not exceed the medical payment limits of the policy and there was full payment of such expenses, there can be no further recovery, especially in the face of the challenged offset provision prohibiting such duplicate payments. A recovery in excess of one hundred percent of damages is a windfall which this court will not countenance absent a clear agreement providing for such coverage.

Our decision in *Mid-Century* also proscribes double recovery. In *Mid-Century,* the insured objected to the setoff of her liability benefits against her underinsured benefits. *Mid-Century,* 101 Nev. at 437, 705 P.2d at 159. We noted the distinction between setoff and prevention of double recovery while observing that we have consistently denied enforceability to anti-stacking provisions when separate coverage has been purchased for the same risk. *Mid-Century,* 101 Nev. at 437, 705 P.2d at 159. We concluded our discussion of this issue by stating:

> We have never permitted the stacking of multiple policies, however, to allow an insured a double recovery for the same loss. Because Daniel has received or been awarded compensation to the full extent of her injuries, we conclude that Daniel is not entitled to an additional $10,000.00 in underinsured motorist benefits. To hold otherwise would allow Daniel a double recovery for the same item of damages.

*Id.* at 437-438, 705 P.2d at 159.

The language of the insurance contract precludes the conclusion that separate coverage was purchased to provide double recovery for the same elements of damage. Additionally, we perceive no statutory or public policy reason why such a crediting or setoff provision should not be enforced.

Ellison's attempts to distinguish and limit *Mid-Century* and *Sullivan* through application of Maxwell v. Allstate Ins. Co., 102 Nev. 502, 728 P.2d 812 (1986), are unavailing. Ellison's claim is that the setoff clause is essentially an invalid subrogation of medical payments. We disagree.

In *Maxwell*, we prohibited an insurer from subrogating medical payments of its insured as a matter of public policy. There, we were concerned about the injured party receiving something less than a full recovery. Inasmuch as Ellison received a full and total recovery, *Maxwell* and its public policy concerns are inapplicable.

Although a few courts have been more receptive to the result Ellison urges,[2] we do not find these cases or their reasoning persuasive nor do they overcome the language of the parties' insurance contract or our previous statements on the subject. We conclude that the better rule is enunciated by those courts which have upheld such setoff provisions and refused double recovery.[3]

The summary judgment entered below is affirmed.

---

[2]Kuda v. American Family Mut. Ins. Co., 790 S.W.2d 464 (Mo. 1990); Bertolami v. Merchants Mut. Ins. Co., 414 A.2d 1281 (N.H. 1980).

[3]Alabama Farm Bureau Mut. Cas. Ins. Co. v. Humphrey, 308 So.2d 255 (Ala.Civ.App. 1975); L'Manian v. American Motorists Ins. Co., 236 A.2d 349 (Conn. 1967); Amaradio v. Travelers Ins. Co., 419 A.2d 159 (Pa. Super.Ct. 1980), *appeal dismissed,* 424 A.2d 868 (Pa. 1981).