**131 Nev., Advance Opinion 1**

IN THE SUPREME COURT OF THE STATE OF NEVADA

BUZZ STEW, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
CITY OF NORTH LAS VEGAS,
NEVADA, A MUNICIPAL
CORPORATION,
Respondent.

No. 55220



FILED

JAN 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

Appeal from a district court judgment on a jury verdict, on remand, in a real property action. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

*Affirmed.*

Law Offices of Kermitt L. Waters and James J. Leavitt, Kermitt L. Waters, Michael A. Schneider, and Autumn L. Waters, Las Vegas, for Appellant.

Holley, Driggs, Walch, Puzey & Thompson and Stacy D. Harrop and Gregory J. Walch, Las Vegas, for Respondent.

_____

BEFORE THE COURT EN BANC.

*OPINION*[1]

By the Court, HARDESTY, C.J.:

Article 1, Section 8(6) of the Nevada Constitution states that a landowner's property may not be taken for public use without just compensation. In *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008) (*Buzz Stew I*), we recognized that, regardless of whether property has actually been taken, the just compensation provision requires compensating a landowner for a lesser invasion of his property rights when a would-be condemnor acts improperly following its announcement of intent to condemn, such as by unreasonably delaying condemnation of the property. *Id.* at 228-29, 181 P.3d at 672-73. Thus, in *Buzz Stew I*, we held that even though appellant Buzz Stew, LLC, failed to state a claim for the actual taking of its property, it could still maintain a claim for precondemnation damages against respondent City of North Las Vegas, and we remanded the matter for a jury trial on the issue of whether the City acted unreasonably in delaying its condemnation of Buzz Stew's property after publicly announcing its intent to do so. *Id.* at 230, 181 P.3d at 674. On remand, the jury found that the City did not act unreasonably, and the district court entered judgment against Buzz Stew. Buzz Stew now appeals to this court for a second time.

---

[1]We originally resolved this appeal in a nonprecedential order of affirmance. Respondent City of North Las Vegas and nonparty Nevada Department of Transportation filed motions to publish the order as an opinion. We grant the motions and replace our earlier order with this opinion. *See* NRAP 36(f).

 

In this appeal, Buzz Stew asserts that a new trial is required due to a number of errors made below, both with regard to the precondemnation claim and with respect to new evidence demonstrating that the City actually took its property. With respect to the latter assertion, we conclude that the evidence presented at trial did not establish that a taking occurred while Buzz Stew maintained an interest in the property, either by the eventual construction of a drainage system on the property or by any prior water invasion. Further, we conclude that no error made below warrants a new trial. Finally, we conclude that, even though costs are unavailable in eminent domain actions, here, costs may be recovered by the City with respect to the unsuccessful precondemnation claim. Therefore, we affirm the judgment of the district court.

## FACTS AND PROCEDURAL HISTORY

Appellant Buzz Stew, LLC, purchased a 20-acre parcel of land located in North Las Vegas in 2002. Around this same time, respondent City of North Las Vegas was preparing to construct a flood waters drainage system that would traverse Buzz Stew's property. The City offered to purchase an easement across Buzz Stew's land, but Buzz Stew refused the offer. In 2003, the City publicly announced its intent to condemn the portion of the land needed for the project. A condemnation action was not filed, however, because the City was unable to secure construction funding. Notwithstanding its inability to proceed with the project, the City failed to publicly retract its prior public announcement of its intent to condemn the parcel. Buzz Stew subsequently sold the land in 2004 to a third party, Dark, LLC. In the seller's disclosures clause in the sale contract, Buzz Stew informed Dark, LLC, of the City's demand for a drainage easement, and Buzz Stew retained the right to any proceeds

resulting from a condemnation of the area proposed in the easement.[2] Dark, LLC, eventually sold the property to Standard Pacific of Las Vegas, Inc., who thereafter granted the City an easement to accommodate the water drainage project.

A few years after selling the land, Buzz Stew filed a complaint against the City for inverse condemnation and precondemnation damages. The district court granted the City's motion to dismiss the complaint for failure to state a claim, and Buzz Stew appealed. *See Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224, 181 P.3d 670 (2008) (*Buzz Stew I*). In *Buzz Stew I*, we affirmed, in part, the district court's order dismissing the inverse condemnation claim because we concluded that Buzz Stew had not alleged any facts demonstrating that a taking had occurred. *Id.* at 230-31, 181 P.3d at 674. We also concluded that Buzz Stew had a viable claim for precondemnation delay damages because questions of fact remained regarding whether the City's delay in condemning the property after the City had publicly announced in 2003 its intent to condemn but then failed to do so was unreasonable and injurious. *Id.* at 230, 181 P.3d at 674. Accordingly, we reversed the district court's order as to Buzz Stew's precondemnation damages claim and remanded the matter for further proceedings. *Id.*

---

[2]The disclosures clause, part one, reads as follows:

> Seller discloses that there is a pending demand for permanent drainage easement for the Centennial Parkway Channel East Project, in favor of the City of North Las Vegas. Seller shall retain all rights to any proceeds arising out of any condemnation proceeding relating thereto, and buyer's title shall be subject to the drainage easement.

On remand, the district court declined to apply eminent domain and inverse condemnation principles to Buzz Stew's precondemnation damages claim and to instruct the jury on those principles. After the close of evidence in the seven-day jury trial, Buzz Stew orally indicated a desire to amend the pleadings to "conform to the evidence," asserting that takings claims should be allowed to proceed based on new evidence that had been presented at trial of the City's eventual construction of the drainage project in 2008 and of its diversion of water onto the property. While the district court appears to have agreed, it later clarified that it was rejecting the takings claims and ultimately instructed the jury on only the precondemnation claim.[3] Buzz Stew did not raise the amendment issue again or submit an amended complaint. The jury returned a verdict for the City, finding that the City's delay was not unreasonable. Buzz Stew then filed motions for a new trial and judgment notwithstanding the verdict, which the district court denied. The district court entered judgment in favor of the City and awarded it costs. This appeal followed.

---

[3]Some confusion exists regarding whether Buzz Stew successfully moved to amend its complaint. From Buzz Stew's record citations and our independent review of the record, it appears that the only occasion on which Buzz Stew asserted any intent to amend (as opposed to moving for a new trial or a judgment notwithstanding the verdict) was in a discussion with the trial judge at the close of evidence. There, counsel for Buzz Stew stated "we wanted to amend the pleadings [to] conform to the evidence [showing] . . . a taking . . . ," but the trial judge countered the court had "already ruled . . . [t]hat it's not [a taking]," and Buzz Stew did not pursue the matter further. We conclude that this oral exchange between Buzz Stew and the district court was insufficient to establish that Buzz Stew actually moved to amend the pleadings.

On appeal, Buzz Stew argues that newly discovered evidence presented at trial demonstrated that a taking of its property occurred, for which just compensation is due, and concerning which it should have been allowed to amend its complaint and recover, despite our prior opinion concluding that Buzz Stew had not stated a takings claim upon which relief could be granted.[4] The City asserts that no new evidence was presented at trial, that the law of the case doctrine precludes any takings claim, and that regardless, no taking of any property owned by Buzz Stew was shown. Because we are not convinced by the record that any compensable taking of Buzz Stew's property occurred, we conclude that the district court properly precluded Buzz Stew's newly asserted takings claims.

## DISCUSSION

*Pursuit of a new takings claim*

"Whether a taking has occurred is a question of law that [we] review[ ] de novo." *City of Las Vegas v. Cliff Shadows Prof'l Plaza, LLC*, 129 Nev. ___, ___, 293 P.3d 860, 866 (2013). Pursuant to the Nevada and United States Constitutions, the government may not take private property for public use unless it pays just compensation. Nev. Const. art. 1, § 8(6); U.S. Const. amend. V. To bring a takings claim, the party must

---

[4]Buzz Stew also argues that the district court improperly denied its motion for judgment notwithstanding the verdict, or judgment as a matter of law, in which Buzz Stew again sought to recover on new takings claims. Generally, however, "an appeal does not lie from a district court order that denies a post-judgment motion for judgment notwithstanding the verdict." *Banks ex rel. Banks v. Sunrise Hosp.*, 120 Nev. 822, 827 n.1, 102 P.3d 52, 56 n.1 (2004). Regardless, as explained in this opinion, Buzz Stew failed to demonstrate the viability of any new takings claims.

have "a legitimate interest in property that is affected by the government's activity" at the time of the alleged taking. *Cliff Shadows*, 129 Nev. at ___, 293 P.3d at 866; *see also McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 658, 137 P.3d 1110, 1119 (2006); *United States v. Dow*, 357 U.S. 17, 20 (1958). Thus, we first determine whether Buzz Stew had "a legitimate interest in property that is affected by the government's activity" at the time of the City's alleged taking. *Cliff Shadows*, 129 Nev. at ___, 293 P.3d at 866.

Buzz Stew asserts two bases for its takings argument: the eventual construction of a drainage channel on the property in 2008 and the diversion of flood waters over the property. Much of the conduct that Buzz Stew complains of as having occurred while it owned the property was previously presented to this court in *Buzz Stew I*, where we determined that the conduct was insufficient to support a takings claim. *See Buzz Stew I*, 124 Nev. at 230-31, 181 P.3d at 674. To the extent its claims rely on this conduct, we reject them as precluded by *Buzz Stew I*. *See Hsu v. Cnty. of Clark*, 123 Nev. 625, 629-30, 173 P.3d 724, 728 (2007) (explaining that the law of the case doctrine requires a ruling made on appeal be followed in subsequent proceedings in both the lower court and a later appeal).

Regarding the drainage channel, Buzz Stew argues that it has a property interest in the parcel because it reserved an easement over the project site in its land sale contract to Dark, LLC. The City disputes that an easement in favor of Buzz Stew was created. Whether an instrument has created "an easement is a question of law that we review de novo." *Cliff Shadows*, 129 Nev. at ___, 293 P.3d at 863. "Generally, when a contract is clear on its face, it 'will be construed from the written language

and enforced as written.'" *Canfora v. Coast Hotels & Casinos, Inc.*, 121 Nev. 771, 776, 121 P.3d 599, 603 (2005) (quoting *Ellison v. Cal. State Auto. Ass'n*, 106 Nev. 601, 603, 797 P.2d 975, 977 (1990)). Here, the plain language of the sales contract between Buzz Stew and Dark, LLC, merely notifies Dark, LLC, that its title may be subject to a future drainage easement and reserves to Buzz Stew only the right to proceeds arising from a future condemnation action. It does not reserve a property interest to Buzz Stew. As a result, Buzz Stew had a legitimate interest in the property affected by the City's project only from 2002-2004, when it owned the parcel. Therefore, we conclude that the eventual construction of the easement does not evince a taking of Buzz Stew's property.

As to the diversion of flood waters, Buzz Stew has failed to show that water was actually diverted onto the property during the time Buzz Stew held title. Takings claims lie only with the party who owned the property at the time the taking occurred. *Argier v. Nev. Power Co.*, 114 Nev. 137, 139, 952 P.2d 1390, 1391 (1998). Nevada law requires a plaintiff in a takings action involving the drainage of surface waters to show both a physical invasion of flood waters and resulting substantial injury. *Cnty. of Clark v. Powers*, 96 Nev. 497, 501 n.3, 504, 611 P.2d 1072, 1075 n.3, 1076 (1980); *see also ASAP Storage, Inc. v. City of Sparks*, 123 Nev. 639, 647-48, 173 P.3d 734, 739-40 (2007). Although Buzz Stew presented evidence that during a 100-year flood event water may pool on one corner of the property, the evidence did not demonstrate that any pooling had occurred while Buzz Stew owned the property or that Buzz Stew suffered any substantial injury from any water diversion. Therefore, we reject Buzz Stew's claims that it demonstrated a diversion of flood water constituting a taking. Because Buzz Stew has failed to demonstrate

any conduct by the City that would effect a taking, we conclude that the district court did not err in refusing to recognize a taking of Buzz Stew's property, convert the case to a takings case, instruct the jury on takings, or order that just compensation was due to Buzz Stew.[5]

*New trial*

Buzz Stew additionally argues that multiple errors by the district court entitle it to a new trial.[6] We disagree. On the question of whether precondemnation damages were merited, Buzz Stew fails to express any argument refuting the jury's findings that the City's actions

---

[5]The dissent argues that *Buzz Stew I* impliedly recognized both a continuing property interest and the possibility of a takings claim by remanding for precondemnation damages and by noting that Buzz Stew may be entitled to just compensation. This reasoning first incorrectly assumes that in *Buzz Stew I* we impliedly remanded for a takings claim. Such was not the case. We remanded solely for a trial on precondemnation damages—a decision that rested in large part on our holding that there need be no taking before a party may bring a claim for precondemnation damages. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 229, 181 P.3d 670, 673 (2008). Second, in *Buzz Stew I* we did not interpret the contract clause at issue here, but we do so now, and we agree with the district court that Buzz Stew failed to reserve a property interest in the parcel. To the extent that the dissent's arguments rest on an interpretation that would recognize a continuing property interest to Buzz Stew, these arguments fail, as they assume that any reservation of the rights to future condemnation proceeds must rest on a continuing property interest and overlook the reality that it is the subsequent owner, not the party reserving the interest in future proceeds, who must bring suit, thereby leaving open the possibility that no suit will ever be brought and no such proceeds will ever be realized.

[6]We do not consider Buzz Stew's arguments regarding attorney misconduct, as these arguments are not properly before this court because Buzz Stew did not object to the conduct below and raises the issue for the first time on appeal. *See Lioce v. Cohen*, 124 Nev. 1, 19, 174 P.3d 970, 981 (2008).

were not oppressive, as is required for an award of precondemnation damages.[7] *See Buzz Stew I*, 124 Nev. at 229, 181 P.3d at 673. To the extent Buzz Stew implies such an argument by asserting its experts should have been allowed to testify concerning the City's misconduct and violation of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (Relocation Act), this argument is without merit. The question of oppressive conduct is one of fact for the jury to decide, *id.* at 230, 181 P.3d at 673, and because expert witnesses may not testify as to their "opinion on the state of the law," *United Fire Ins. Co. v. McClelland*, 105 Nev. 504, 509, 780 P.2d 193, 196 (1989), the district court properly determined that Buzz Stew's experts could not state as a matter of law whether the City acted oppressively. As to any additional testimony regarding the Relocation Act, the district court did not err in excluding this evidence, as Buzz Stew failed to show that federal funds were used for the project. *See Rhodes v. City of Chi. for Use of Sch.*, 516 F.2d 1373, 1377 (7th Cir. 1975); *Reg'l Transp. Dist. v. Outdoor Sys., Inc.*, 34 P.3d 408, 418 (Colo. 2001). And as to the other evidentiary errors asserted, in light of our holding that there was no taking and Buzz Stew's failure to present any facts that would support overturning the jury's verdict, we summarily dismiss those arguments.

---

[7]Because the jury did not reach the issue of precondemnation damages and because the question before the jury was whether Buzz Stew was entitled to precondemnation damages, we reject Buzz Stew's arguments that the district court abused its discretion (1) in admitting evidence that the project benefited the value of the property, and (2) excluding evidence referencing eminent domain.

Finally, we are not persuaded by Buzz Stew's argument that the district court improperly awarded costs to the City. Generally, a prevailing party is entitled to costs. NRS 18.020; *see also Bergmann v. Boyce*, 109 Nev. 670, 678-79, 856 P.2d 560, 565 (1993). While in eminent domain actions such costs are curtailed, Nev. Const. art. 1, § 22(7), the present case was an unsuccessful action for precondemnation damages wherein the City prevailed on its defense. Therefore, we cannot say that under the facts of this case the district court clearly erred. *See Locklin v. City of Lafayette*, 867 P.2d 724, 756 (Cal. 1994) (holding that an inverse condemnation plaintiff who did not prevail on a takings claim was not entitled to be shielded by the law against awarding costs in eminent domain actions).[8] Accordingly, we affirm the judgment of the district court.

_____, C.J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

---

[8]Because the City prevailed below and in light of our resolution of this appeal, we do not address its argument that the district court should have granted it summary judgment based on sovereign immunity.

SUPREME COURT
OF
NEVADA

(O) 1947A

GIBBONS, J., with whom CHERRY, J., agrees, dissenting:

I disagree with the majority's conclusion that the district court did not abuse its discretion by denying Buzz Stew's motion to amend the pleadings. Therefore, I would reverse and remand the case to allow Buzz Stew to amend its pleadings to conform to the evidence presented at trial. Once amended, the trier of fact could determine if Buzz Stew sustained any precondemnation damages.

*Buzz Stew retained a legitimate interest in the subject property through its land sale contract with Dark, LLC*

The government cannot take private property for public use without paying just compensation. Nev. Const. art. 1, § 8(6); U.S. Const. amend. V. A party bringing a takings claim must have "a legitimate interest in property that is affected by the government's activity" at the time of the alleged taking. *City of Las Vegas v. Cliff Shadows Prof'l Plaza, LLC*, 129 Nev. ___, ___, 293 P.3d 860, 866 (2013); *see also McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 658, 137 P.3d 1110, 1119 (2006); *United States v. Dow*, 357 U.S. 17, 20 (1958). The majority concludes that Buzz Stew does not have a valid takings claim, in part, because it did not have a "legitimate interest" in the subject property when the drainage channel was constructed in 2008. I disagree.

In my view, Buzz Stew retained a "legitimate interest" in the subject property through its land sale contract with Dark, LLC. "Generally, when a contract is clear on its face, it 'will be construed from the written language and enforced as written.'" *Canfora v. Coast Hotels & Casinos, Inc.*, 121 Nev. 771, 776, 121 P.3d 599, 603 (2005) (quoting *Ellison v. Cal. State Auto. Ass'n*, 106 Nev. 601, 603, 797 P.2d 975, 977 (1990)). Here, the plain language of the land sale contract states that Buzz Stew retains all rights to any proceeds arising out of the condemnation of the

City's proposed easement. The majority concludes that through this reservation of rights, Buzz Stew only retained an interest in the proceeds from a future condemnation of the property, but did not retain any interest in the property itself. In my view, however, the plain language of the contract does not draw such a distinction. Instead, I conclude that by retaining an interest in the proceeds from a future condemnation, Buzz Stew also retained a sufficient interest in the property to maintain a takings claim. *Cliff Shadows*, 129 Nev. at ___, 293 P.3d at 866. As such the district court should have allowed Buzz Stew to amend the pleadings to include a takings claim. *See Cohen v. Mirage Resorts, Inc.*, 119 Nev. 1, 22, 62 P.3d 720, 734 (2003) ("Leave to amend should be freely given when justice requires . . . .").

*This court previously recognized Buzz Stew's interest in the subject property*

In *Buzz Stew I*, we implicitly held that Buzz Stew had an actionable interest in the property when we remanded the case back to the district court to consider the reasonableness of the City's actions for precondemnation purposes. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228-29, 231, 181 P.3d 670, 672-73, 674-75 (2008). We also noted in *Buzz Stew I* that even though Buzz Stew no longer owned the property, "[Buzz Stew] may be entitled to compensation because just compensation should be paid to the person who was the owner at the time of the taking." *Id.* at 226 n.1, 181 P.3d at 671 n.1. It is inconsistent to now conclude that Buzz Stew lacked an interest in the property and not allow the issue to go to the jury. *See Hsu v. Cnty. of Clark*, 123 Nev. 625, 629, 173 P.3d 724, 728 (2007) (stating that the law of the case doctrine requires that "the law or ruling of a first appeal must be followed in all subsequent proceedings, both in the lower court and on any later appeal").

Therefore, because Buzz Stew retained a "legitimate interest" in the easement property, I depart from the majority and conclude that the district court abused its discretion by denying Buzz Stew's motion to amend the pleadings to conform to the evidence.

_____ , J.
Gibbons

I concur:

_____ , J.
Cherry