# IN THE SUPREME COURT OF THE STATE OF NEVADA

TERA LOPEZ,
Appellant,
vs.
PROGRESSIVE NORTHERN
INSURANCE COMPANY,
Respondent.

No. 81026

FILED

MAY 1 4 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This an appeal from a district court summary judgment in a contract matter. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

Appellant Tera Lopez was in a car accident involving two impacts a few seconds apart: first when she was hit by non-party Maritza Flores and again when non-party Soccoro Chavez hit Flores and pushed her into Lopez a second time. After Lopez settled with Flores and Chavez, she sent a demand letter to her insurance company, respondent Progressive Northern Insurance Company, making a claim for additional compensation under her policy's underinsured motorist (UIM) coverage. Progressive denied her claim because her damages were less than the combined total of Flores' and Chavez's policy limits. Lopez filed a breach-of-contract action alleging that Progressive acted in bad faith and violated Nevada's Unfair Claims Practices Act, NRS 686A.310, when it denied her claim. Lopez also sought a declaration that Progressive could not combine the policies of both adverse drivers for offset purposes and that it was only entitled to an offset

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-13961

of $25,000 based upon Flores' policy. The district court granted in part Progressive's first motion for partial summary judgment, dismissing two of Lopez's claims and striking her request for punitive damages. The district court later granted Progressive's second motion for summary judgment, finding that it was entitled to a $125,000 offset, and entered judgment for Progressive.

First, we reject Progressive's continued argument that this court lacks jurisdiction over this appeal. The district court's order is a final judgment that resolved all of Lopez's claims. *See* NRAP 3A(b)(1) (providing that an appeal may be taken from a final judgment); *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000) (providing that a final judgment is one that resolves all of the parties' claims and rights in the action, leaving nothing for the court's future consideration except for post-judgment issues).

Turning to the substantive issues raised on appeal, Lopez's policy allowed UIM coverage only to the extent her damages exceeded "the sum of all applicable limits of liability available" to the adverse driver of an underinsured motor vehicle. At the time Progressive denied Lopez's UIM claim, she reported that she had already settled her claims against Flores and Chavez for more than the amount of her claimed damages. Because Lopez had recovered from two adverse drivers and been compensated for the full amount of her damages, Progressive's decision to deny Lopez's UIM claim was reasonable. *See Phelps v. State Farm Mut. Auto. Ins. Co.*, 112 Nev. 675, 680-81, 917 P.2d 944, 948 (1996) (observing that the plain language of a policy's uninsured motorist coverage did not deny the policyholder of a full recovery because he had already been made whole through other payments). Therefore, we conclude that the district court did

not err when it granted summary judgment on Lopez's claim for breach of the implied covenant of good faith and fair dealing.[2] *See Guar. Nat. Ins. Co. v. Potter*, 112 Nev. 199, 206, 912 P.2d 267, 272 (1996) (explaining that a claim for "an insurer's breach of the implied covenant of good faith and fair dealing" is generally a claim for bad faith); *see also Am. Excess Ins. Co. v. MGM Grand Hotels, Inc.*, 102 Nev. 601, 605, 729 P.2d 1352, 1354 (1986) (concluding that there is no basis for a bad faith claim where the insurer's interpretation of its contract is reasonable).

The district court concluded that the plain language of Lopez's policy with Progressive entitled it to an offset of $125,000—the combined amount of the bodily injury coverage limits available under the Flores and Chavez policies. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we agree. Lopez's policy provides that Progressive is entitled to an offset for *all* bodily injury limits available to her: that includes both adverse drivers.[3] *See Ellison v. Cal. State Auto. Ass'n*, 106 Nev. 601, 603, 797 P.2d 975, 977 (1990) (explaining that "contracts will be construed . . . and enforced as written").

---

[2]We reject Lopez's assertion that the district court erred by resolving her bad-faith and unfair-claims-practices claims before resolving her breach-of-contract claim, as she fails to provide cogent argument or relevant authority in support of this contention. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that an appellant must "cogently argue, and present relevant authority, in support of [her] appellate concerns").

[3]We decline to address Lopez's proximate cause argument because she has cited no authority which would allow a causation determination for liability purposes to override the plain language of the subject policy. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38 (providing that this court will not consider claims that are not cogently argued or supported by relevant authority).

And because Lopez's claimed damages were less than the amounts available to her under Flores' and Chavez's policies, we further conclude that the district court did not err when it granted summary judgment on Lopez's breach-of-contract claim. *See Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1115, 197 P.3d 1032, 1041 (2008) (explaining that this court reviews matters of contract interpretation de novo); *Ellison*, 106 Nev. at 604, 797 P.2d at 977 (denying recovery under a policy's UIM coverage where the claimant's medical expenses had already been fully paid).

We also conclude that the district court did not err by entering summary judgment on Lopez's unfair-claims-practices claim as she failed to provide evidence demonstrating Progressive committed any acts that would support such a claim. *See* NRS 686A.310(1) (listing actions that violate Nevada's Unfair Claims Practices Act). We further conclude that the district court properly dismissed Lopez's request for punitive damages when it granted Progressive's first motion for partial summary judgment. Lopez's only remaining claims were for breach of contract and declaratory relief and she did not provide any evidence tending to show that Progressive was "guilty of oppression, fraud or malice" in denying her claim. NRS 42.005(1); *see also Ins. Co. of the W. v. Gibson Tile Co.*, 122 Nev. 455, 464, 134 P.3d 698, 703 (2006) (providing that punitive damages are generally not available for breach-of-contract claims).

We also reject Lopez's claim that the district court failed to rule on her NRCP 56(d) request for additional time to conduct discovery. The district court denied Progressive's first motion for summary judgment in part so Lopez could conduct discovery on the offset issue. Because Lopez did not demonstrate how further discovery would "lead to the creation of a

genuine issue of material fact," *Aviation Ventures, Inc. v. Joan Morris, Inc.*, 121 Nev. 113, 118, 110 P.3d 59, 62 (2005), we conclude that the district court did not abuse its discretion by denying Lopez's countermotion for additional time to conduct discovery on her bad-faith and unfair-claims practices-claims. *See* NRCP 56(d)(2) (allowing the district court to provide a nonmoving party with time to conduct discovery in order to present facts to justify its opposition); *see also Aviation Ventures*, 121 Nev. at 117-18, 110 P.3d at 62 (explaining that this court reviews a district court's decision to deny a request for a continuance to obtain additional discovery under NRCP 56 for an abuse of discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Mark R. Denton, District Judge
William C. Turner, Settlement Judge
Law Offices of Kenneth L. Hall
Keating Law Group
Eighth District Court Clerk